TYNDALE PALMER, Respondent, *v.* PALLADIUM PRINTING COMPANY, Appellant.

*Libel — allegations of facts, pleaded in mitigation, when not stricken out as irrelevant and redundant.*

The court should hesitate before granting a motion to strike out, as irrelevant and redundant, allegations of facts pleaded in mitigation of an alleged libel, as the competency of such facts can be more satisfactorily determined upon the trial than upon a motion — especially where some of the allegations in question are in answer to allegations of the complaint.

APPEAL by the defendant, the Palladium Printing Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 31st day of December, 1896, striking out portions of its answer as irrelevant and redundant.

*D. P. Morehouse,* for the appellant.

*S. N. Ten Eyck,* for the respondent.

INGRAHAM, J.:

The 3d paragraph of the answer, a portion of which was stricken out by the court below as irrelevant and redundant, is pleaded "For a third defense, and in mitigation of any damages the plaintiff may establish against the defendant." The allegation stricken out relates to the circumstances under which the defendant, a publisher of a daily newspaper, inserted in the paper the article which is alleged to have been libelous and the intent with which the publication was made.

By section 535 of the Code it is provided that the defendant may prove mitigating circumstances, notwithstanding that he has pleaded or attempted to prove a justification; and in pleading facts which it is claimed are admissible in mitigation of damages, the court should hesitate before striking out the allegations of facts thus pleaded, as it is much more satisfactory to have the question as to the competency of such facts for that purpose determined upon the trial, than upon a motion of this character. There is much force added to this consideration when it appears that at least some of the allegations thus pleaded are in answer to allegations of the complaint. In this case many of the allegations of facts stricken out appear to be in answer to paragraph 3 of the complaint, and the others are not so clearly irrelevant as to justify the court in granting the motion. (*Bradner v. Faulkner,* 93 N. Y. 518.) It also appears that the libels in this case are claimed to be such as would justify the court in submitting the question of actual malice to the jury, and the question as to just what facts are admissible to disprove actual malice, and just what facts are admissible in mitigation of damages, can in such an action be much more satisfactorily determined by a trial than on such a motion.

Without passing upon the question as to the admissibility of these facts thus alleged as evidence, either to disprove express malice or in mitigation of damages, we think the motion should have been denied upon the ground that the question of the admissibility of the facts here allowed in evidence should be determined upon the trial of the action.

The order appealed from is reversed, with ten dollars costs and disbursements, and the motion to strike out denied, with ten dollars costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and O'BRIEN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.