H<span style="font-variant:small-caps">AIGHT</span>, M<span style="font-variant:small-caps">ARTIN</span> and V<span style="font-variant:small-caps">ANN</span>, JJ., concur, with B<span style="font-variant:small-caps">ARTLETT</span>, J., for affirmance.

P<span style="font-variant:small-caps">ARKER</span>, Ch. J., concurs with O'B<span style="font-variant:small-caps">RIEN</span>, J., for reversal.

L<span style="font-variant:small-caps">ANDON</span>, J., dissents upon the ground that defendant, having, notwithstanding the denial of its motion for a nonsuit, objected to a direction of a verdict, the court should have submitted the facts to the jury.

Judgment and order affirmed.

---

T<span style="font-variant:small-caps">YNDALE</span> P<span style="font-variant:small-caps">ALMER</span>, Appellant, *v*. G<span style="font-variant:small-caps">EORGE</span> E. M<span style="font-variant:small-caps">ATTHEWS</span> et al., Respondents.

1. L<span style="font-variant:small-caps">IBEL</span> — E<span style="font-variant:small-caps">VIDENCE</span> — P<span style="font-variant:small-caps">UBLICATION BY</span> O<span style="font-variant:small-caps">THERS</span>. In an action for libel, the fact, unknown to the defendant when the publication complained of was made, that others have published the same libel, or that suits have been commenced against others for the publication of such

libel, is inadmissible in evidence: nor is it admissible because elicited on an improper cross-examination of plaintiff with reference to a letter written by him referring to the publication by others, which had been introduced by defendant as a part of a correspondence between plaintiff and defendant, and which correspondence had been previously introduced in part by plaintiff.

*Palmer* v. *Matthews*, 29 App. Div. 149, reversed.

(Argued January 30, 1900; decided February 27, 1900.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 12, 1898, affirming a judgment entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Tyndale Palmer*, appellant, in person. The court erred in admitting evidence that other newspapers had published the same libel against the plaintiff. It also erred in admitting evidence that plaintiff had commenced suits against other publishers for their publication of the libel. (*McCoy* v. *Crawford*, 1 Tappan [Ohio], 277; *Young* v. *Fox*, 26 App. Div. 261; *Palmer* v. *N. Y. N. P. Co.*, 31 App. Div. 210; *Gray* v. *B. U. P. Co.*, 35 App. Div. 286; *Witcher* v. *Jones*, 43 N. Y. S. R. 151; 137 N. Y. 599; *Van Ingen* v. *Mail & Express*, 35 N. Y. Supp. 838; *Morrison* v. *P. P. Co.*, 38 N. Y. S. R. 357; 133 N. Y. 538; *Buckley* v. *Knapp*, 48 Mo. 152; *Wilson* v. *Fitch*, 41 Cal. 363; *Sheahan* v. *Collins*, 20 Ill. 325.) The trial court erred in allowing defendants to prove in mitigation of damages that the libelous information had been received from another, and in refusing to charge, on plaintiff's request, that the mere fact that it had been received from another was no mitigation. (*T. P. Co.* v. *Carlisle*, 94 Fed. Rep. 762; *Conroy* v. *Times Co.*, 139 Penn. St. 334; *Hess* v. *N. Y. Press Co.*, 26 App. Div. 75; *Mapes* v. *Weeks*, 4 Wend. 659; *Foster* v. *Inman*, 8 Wend. 602; *Bush* v. *Prosser*, 11 N. Y. 347; *Hager* v. *Tibbets*, 2 Abb. Pr. [N. S.] 97; *Hatfield* v.

*Lasher*, 81 N. Y. 246; *Sandford* v. *Bennett*, 24 N. Y. 20; *Folwell* v. *P. J. Co.*, 19 R. I. 551.) The court below erred in overruling the plaintiff's objection to the evidence of other publications of the libel on the ground that it was secondary. (*Barr* v. *Moore*, 87 Penn. St. 385; *State* v. *Lent*, 1 Tappan [Ohio], 115; *Vanderslice* v. *Newton*, 4 N. Y. 132; *Blumhart* v. *Rohr*, 17 Atl. Rep. 266; Odgers on S. & L. 292, 293; *Rose* v. *Graves*, 5 M. & G. 613; *Ingram* v. *Lawson*, 6 Bing. [N. C.] 216; *Ashley* v. *Harrison*, 1 Esp. 48; *Weiss* v. *Whittemore*, 28 Mich. 366; *Hartley* v. *Herring*, 8 T. R. 130; *T. Ins. Co.* v. *Perrine*, 3 Zab. [N. J.] 402.)

*Charles B. Wheeler* for respondents. The trial court did not err in permitting the defendants' counsel, on cross-examination, to question the plaintiff as to the number of other papers which had published the same article. (*Foster* v. *Tanenbaum*, 2 App. Div. 168; *People* v. *Casey*, 72 N. Y. 393; *People ex rel.* v. *O. & T. Co.*, 83 N. Y. 461; *Ryan* v. *People*, 79 N. Y. 600; *Starks* v. *People*, 5 Den. 108; *Newton* v. *Harris*, 6 N. Y. 345; *Day* v. *Stickney*, 14 Allen, 255; *Smith* v. *Shumway*, 102 Mass. 365.)

Martin, J. The action was for libel, and but two exceptions need be considered upon this appeal.

On the trial the defendants, under the objection and exception of the plaintiff, were permitted on the examination of the latter to prove that other newspapers throughout the country had published the libel complained of, and that he had commenced suits against others for their publication of it. This evidence was inadmissible. It is now too well settled to be questioned that the fact that others have published the same libel which was unknown to the defendant when the publication complained of was made, or that suits have been commenced against others for the publication of such libel, is inadmissible. The defendants in this case were liable, and that some one else was also liable was immaterial. It would not properly diminish the recovery against them to show that

the plaintiff had recovered or might recover damages from others who had published the same libel. Each defendant is to pay damages for the injuries which he has occasioned and not for the injury by others. (Odgers on Libel and Slander, p. 316; Newell on Defamation, etc., p. 899.) Therefore, this class of evidence is inadmissible.

While the defendant may, perhaps, show in mitigation of damages that he copied the libelous paragraph from a public newspaper, and, hence, believed it to be true, he may not show that other journals published the same statement simultaneously or subsequently to the publication complained of. Nor can he prove that the alleged libel appeared in another newspaper for which the plaintiff had already recovered damages. (Folkard's Starkie on Slander and Libel, p. 545.) That this evidence was inadmissible seems to be well established by the decisions in this state, as well as in other jurisdictions. (*Tillotson* v. *Cheetham*, 3 Johns. 56; *Palmer* v. *N. Y. News Pub. Co.*, 31 App. Div. 210; *Gray* v. *Brooklyn Union Pub. Co.*, 35 App. Div. 286; *Morrison* v. *Press Pub. Co.*, 38 N. Y. S. R. 357; *Mattice* v. *Wilcox*, 147 N. Y. 624; *Hatfield* v. *Lasher*, 81 N. Y. 246; *Smith* v. *Sun Printing & Pub. Assn.*, 55 Fed. Rep. 240, 245; *Enquirer Co.* v. *Johnston*, 72 Fed. Rep. 443; *Wilson* v. *Fitch*, 41 Cal. 363, 383; *Sheahan* v. *Collins*, 20 Ill. 325.)

The respondents now contend that this evidence was elicited by a proper cross-examination of the plaintiff, and, although it had the effect contended for by him, it was admissible on such an examination. We do not think so. On the trial the plaintiff introduced in evidence several letters which were a part of a correspondence between him and the defendants. The defendants then introduced another letter which was a part of the same correspondence, in which the plaintiff stated: " The financial loss to me from the publication as a whole was most serious. However, I do not expect any one paper to bear it all, but only its due proportion." This was the pretext of the defendants to justify the examination as to other papers having published the same libel, and as to the com-

mencement of suits against others. If it be assumed that the defendants had a right to introduce this letter in evidence as a part of the whole correspondence between the parties, still, it having been introduced by them, they could not properly cross-examine the plaintiff as to evidence so introduced, especially when its effect was to call out that which was utterly inadmissible and highly improper. Indeed, the examination which elicited this evidence was not a cross-examination at all. The proof thus obtained was procured from the plaintiff by compulsion. That this evidence was in no sense obtained by a proper cross-examination, is quite manifest. Therefore, the judgment cannot be upheld upon that ground.

The judgment should be reversed and a new trial granted, with costs to abide the event.

PARKER, Ch. J., GRAY, BARTLETT, VANN, CULLEN and WERNER, JJ., concur.

Judgment reversed, etc.