## MEHLENBACKER v. MEHLENBACKER.

(Supreme Court, Special Term, Allegany County. July, 1912.)

DIVORCE (§ 189*)—COSTS—RIGHTS OF CO-RESPONDENT.

Under Code Civ. Proc. § 1757, authorizing plaintiff, suing for divorce for adultery, to serve a copy of his pleading on the co-respondent, who may appear and defend the action so far as the issues affect him, and who, when no service is made, may appear and defend the action so far as the issues affect him, and, in case none of the allegations of adultery controverted by the co-respondent shall be proved, he shall be entitled to costs, a co-respondent, who did not answer, but who appeared by attorney and participated in the action, resulting in a judgment dismissing the complaint on the merits, is not entitled to costs against plaintiff, but to obtain the benefit of the statute must answer the complaint.

[Ed. Note.—For other cases, see Divorce, Cent. Dig. § 577; Dec. Dig. § 189.*]

Action for divorce by Cherrie K. Mehlenbacker against Alonzo F. Mehlenbacker and another. On motion to vacate the judgment for costs against plaintiff and in favor of co-respondent. Granted.

Lewis & Carroll, for the motion.

F. J. Nelson, opposed.

WHEELER, J. This action was brought for an absolute divorce on the alleged ground of adultery. The defendant appeared and answered. The co-respondent appeared by her attorney separately, and demanded and was served with a copy of the plaintiff's complaint. The co-respondent did not answer, but her attorney and counsel appeared and participated in the trial of the issues framed by the answer of the defendant. The trial resulted in a verdict of the jury in favor of the defendant, and upon that verdict a judgment dismissing the complaint on the merits was entered by the defendant. Thereafter the co-respondent entered a separate judgment for costs against the plaintiff, claiming the right so to do by virtue of the provisions of subdivision 2 of section 1757 of the Code of Civil Procedure, reading as follows:

"2. In an action brought to obtain a divorce on the ground of adultery, the plaintiff or defendant may serve a copy of his pleading on the co-respondent named therein. At any time within twenty days after such service on said co-respondent, he may appear to defend such action, so far as the issues affect such co-respondent. If no such service be made, then at any time before the entry of judgment any co-respondent named in any of the pleadings shall have the right, at any time before the entry of judgment, to appear either in person or by attorney, in said action and demand of plaintiff's attorney a copy of the summons and complaint, which must be served within ten days thereafter, and he may appear to defend such action, so far as the issues affect such co-respondent. In case no one of the allegations of adultery controverted by such co-respondent shall be proved, such co-respondent shall be entitled to a bill of costs against the person naming him as such co-respondent, which bill of costs shall consist only of the sum now allowed by law as a trial fee, and disbursements, and such co-respondent shall be entitled to have an execution issue for the collection of the same."

The plaintiff now moves to set aside this judgment as unauthorized, on the ground that the co-respondent did not answer, and without pleading no costs in favor of a co-respondent can be recovered. So far as we are able to discover, the question now presented has never been decided by the courts of this state.

The co-respondent is not, technically speaking, a party to the action, but by the section relied on is given all the substantial rights of a party, if she defends the issues so far as such issues relate to herself. Billings v. Billings, 73 App. Div. 70, 76 N. Y. Supp. 628; Hendrick v. Biggar (Second Dept.) 136 N. Y. Supp. 306. Nevertheless the co-respondent is not entitled to costs unless she brings herself within the provisions of the section in question. It is true the subdivision relied on by the co-respondent's attorney and counsel does not expressly say that a co-respondent shall or may "answer" the allegations affecting him, but by necessary implication we think that is the purport and effect of the language used. It provides that, in case the summons and complaint are served upon the co-respondent of the plaintiff's own volition in the first instance, the co-respondent within 20 days "may appear to defend such action, so far as the issues affect such co-respondent." What issues are here referred to? Is it the issues presented by the answer of the defendant? We think not, because the defendant may make default, and by default present no issues for trial by the court. One of the very purposes of the

section is to enable a co-respondent to appear and protect his own good name and honor from unjust aspersions, or from the consequences of collusive action by the parties to the suit. We therefore are of the opinion that the "issues" referred to in the section are the issues presented or to be presented by the answer of the co-respondent, and not those of the defendant.

The section further provides that, in case the plaintiff does not see fit to serve the co-respondent with the summons and complaint, the co-respondent may voluntarily appear in person or by attorney and demand a copy of the summons and complaint, and "*may appear to defend such action, so far as the issues affect such co-respondent,*" and further provides:

"*In case no one of the allegations of adultery* CONTROVERTED BY SUCH CO-RESPONDENT *shall be proved, such co-respondent shall be entitled to a bill of costs against the person naming him as such co-respondent.*"

Due emphasis must be given to the words "*controverted by such co-respondent.*" This, in our opinion, clearly *implies* an answer by the co-respondent. It implies a denial by the co-respondent of the charges against him in such legal form as to present issues for trial, which of necessity is by proper pleading in form of an answer or demurrer. The language precludes the idea that it refers to issues controverted by the defendant; for, as we have already said, the defendant may neglect to take any issue by reason of collusion, or mere willingness that a divorce may be had without contest. Certainly the plaintiff is entitled to be advised by proper pleading what attitude the co-respondent proposes taking, that he may be prepared to meet the issue tendered.

We find that, in what cases relating to the situation are in the books, answers have in fact been interposed by the co-respondent, and that seems to have been the practice. Boller v. Boller, 111 App. Div. 240, 97 N. Y. Supp. 609; Billings v. Billings, 73 App. Div. 70, 76 N. Y. Supp. 628. Language is used in the case of Boller v. Boller which on its first reading might be thought to express a contrary view to that here entertained; but we believe that a careful study of the opinion in that case will disclose nothing in conflict with our views above expressed. All that was actually decided in Boller v. Boller was that a co-respondent, who appeared in a divorce action, was not entitled to have the trial reopened in order that an entirely new trial of the issues might be had.

This brief discussion leads us to the conclusion that the co-respondent has not so brought herself within the provisions of the section in question as to entitle her to tax costs. The plaintiff's motion is therefore granted, with $10 costs of motion.