HARRY GOODROW, Respondent, *v.* THE PRESS Co., INC., Appellant.

Third Department, June 30, 1931.

*Hun, Parker & Reilly* [*Michael D. Reilly* and *Irwin M. Ives* of counsel], for the appellant.

*O'Connell Brothers* [*B. Loyal O'Connell* of counsel], for the respondent.

RHODES, J. The complaint charges that on the 20th day of September, 1930, defendant wantonly and carelessly published concerning plaintiff the false and defamatory matter following:

" SUSPENDED CUSTOMS MAN IN SMUGGLED RUM SALE.

" Ogdensburg, Sept. 19 (AP)

" Charged with taking smuggled liquor from railroad passengers and selling it himself, Harry Goodrow, United States Customs Inspector at Rouses Point, a fifteen-year veteran of the service, has been suspended, John C. Tulloch, Collector of the Port of Ogdensburg and his superior, announced today."

The amended answer contains certain denials and admissions, including an admission of the publication of the article and a denial of the allegation that it was wantonly and carelessly published; then are set forth the allegations following. The 5th paragraph alleges that plaintiff was at the time a United States customs inspector and that John C. Tulloch, Collector of the Port, was his superior officer; the 6th alleges in substance that about September 19, 1930, said Tulloch, in his official capacity, conducted a public investigation respecting the official integrity of the customs officers under his jurisdiction and control, and in particular the official integrity of the plaintiff in his duties as a customs inspector; the 7th that, as the result of information thus gained, said Tulloch did on or about September 19, 1930, suspend the plaintiff from his office upon the charges that he had been inefficient and unfaithful in the discharge of his duties, had been insubordinate and had taken smuggled liquor from railroad passengers and sold it himself; the 8th, that the said Tulloch personally informed the Associated Press and this defendant of such investigation, and of such sus-

pension under the said charges; the 9th states that defendant published the article complained of in reliance upon the information furnished by the said Tulloch to it and to the Associated Press and because the Associated Press had communicated the said article to the defendant which is a member thereof; the 10th, that the defendant published said article in the belief that the interest of the public required its publication and in the honest belief that the statements contained in said article were true, and that in said publication defendant acted without malice; the 11th, that since the publication of said article there has been a further investigation of the official integrity of the plaintiff in his capacity as a customs inspector, and that as a result of said investigation the plaintiff has been dismissed from his official position by his superiors.

Plaintiff moved to strike out the 5th, 6th, 7th, 8th and 11th paragraphs of the amended answer on the ground that they are sham, frivolous, irrelevant, redundant, unnecessary, impertinent, and may tend to prejudice, embarrass and delay the fair trial of this action, and an order was thereupon granted striking out the 6th, 7th, 8th and 11th paragraphs, from which order the defendant appeals.

At common law, previous to the adoption of the Codes and Practice Act, facts in mitigation of damages were required to be specially pleaded and proof in mitigation was not permitted where the defendant pleaded and attempted to prove justification. The justification was required to be as broad as the libelous publication, and if he failed in his proof, the law conclusively presumed malice from the reiteration of the charges in his plea of justification. Proof in mitigation was only received when the defendant admitted the falsity of the publication, in which case he was permitted to show facts and circumstances which tended to disprove malice by showing that the defendant though mistaken believed the charge to be true when it was made. But if the facts and circumstances offered tended to establish the truth of the charge or formed a link in the chain of evidence going to make out a justification, they were not admissible in mitigation. (*Bush* v. *Prosser*, 11 N. Y. 347; *Bisbey* v. *Shaw*, 12 id. 67; *Hatfield* v. *Lasher*, 81 id. 246; *Cooper* v. *Barber*, 24 Wend. 105.) But by section 165 of the Code of Procedure, section 535 of the Code of Civil Procedure, and section 338 of the Civil Practice Act, the rule has been changed so that a defendant is now permitted to prove facts in mitigation even though he has attempted to justify and even though the facts in mitigation might partially tend to establish justification.

Under the common law, while a partial defense could not be pleaded, such matters which could not be pleaded were admissible

in evidence under the general issue, hence matters in mitigation could be proved upon the general issue without being specially pleaded if they did not tend to establish justification. But after the adoption of the Code provisions, the practice required that facts in mitigation be pleaded whether or not they tended to establish justification. (*Bush* v. *Prosser, supra.*) In that case the court said: " The defendant has a right to prove the absence of malice in mitigation of the verdict; and to do this, it is, of course, indispensable to prove that he believed, and had some reason to believe, the charge to be true, when it was made. But how is he to make this proof? There are but two conceivable modes of doing it — one, by proving that he had received such information from other persons as induced him to believe the charge to be true; the other, by showing the existence of facts and circumstances within his knowledge calculated to produce such a belief."

Logically, therefore, if defendant could mitigate damages by showing that he believed the truth of the publication, thus tending to prove the absence of malice, the facts on which he relied must have been known to him before publication. The defendant cannot have the benefit of such a fact in mitigation of damages of which it had no knowledge. (*Watkins* v. *Reynolds*, 123 N. Y. 211; *Carpenter* v. *New York Evening Journal Co.*, 96 App. Div. 376; . *Palmer* v. *Matthews*, 162 N. Y. 100.)

In the light of these rules established by the common law as modified by the statute, the allegations of the answer are to be examined and tested as to their sufficiency, having in mind that pleadings must be liberally construed with a view to substantial · justice between the parties. (Civ. Prac. Act, § 275.)

The opening paragraph in substance states that all that follows is for an amended answer and *as a partial defense and in mitigation of any damages*. While the facts thereafter alleged are divided into numbered paragraphs, they are not set forth as separate defenses and should be read and construed together. Viewed in this light, the facts alleged would tend to establish that defendant had reason to believe the truth of the article and that it was not actuated by malice in the publication; they would tend also to establish at least a partial justification.

As to the 11th allegation, these facts, if established, would tend to reduce plaintiff's general compensatory damages because, though falling short of a full justification, they tend to give some color to the charge contained in the publication by way of modification, and it would be for the jury to say how far the truth of portions of the libelous article would tend to show that plaintiff ought not to have that amount of compensation which he might justly claim

if his reputation had been unaffected by the facts alleged. (*Gressman* v. *Morning Journal Assn.*, 197 N. Y. 474; *Holmes* v. *Jones*, 147 id. 59; *Osterheld* v. *Star Co.*, 146 App. Div. 388.)

Under section 339 of the Civil Practice Act the defendant may prove at the trial facts not amounting to a total defense tending to mitigate *or otherwise reduce plaintiff's damages if they are set forth in the answer.* The facts set forth in paragraph 11th seem to come within this category as tending to reduce plaintiff's damages, and, therefore, are appropriately pleaded and the defendant is entitled to the benefit thereof. (*Hatch* v. *Matthews*, 85 Hun, 522.) Where there is the semblance of a cause of action or a defense set up in a pleading, its sufficiency cannot be determined on a motion to strike it out as redundant or irrelevant. (*Walter* v. *Fowler*, 85 N. Y. 621; *Hagerty* v. *Andrews*, 94 id. 195.) Such a motion should be granted only where no doubt exists of the irrelevancy charged and where there is evidence that its retention would embarrass the opposite party. (*Hatch* v. *Matthews, supra; Palmer* v. *Palladium Printing Co.*, 16 App. Div. 270; *Dinkelspiel* v. *New York Evening Journal Co.*, 91 id. 96; *Bradner* v. *Faulkner*, 93 N. Y. 515; *Stieffel* v. *Tolhurst*, 55 App. Div. 532.)

The order should be reversed, with ten dollars motion costs and disbursements, and ten dollars costs and disbursements on the appeal.

All concur.

Order reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.