WENTWORTH F. CHAPMAN, Respondent, v. LONG ISLAND DAILY PRESS PUBLISHING CO., INC., and WILLIAM F. HOFMANN, Appellants, and Others, Defendants.— The action for libel is based on three articles published in a newspaper owned by

two or more of the defendants, which involve charges made by one of the defendants before the Queens county grand jury and before a judicial officer concerning legal advertising, particularly in foreclosure actions, in three newspapers owned by the plaintiff. The charges in effect were that the plaintiff was charging excessive prices for such advertising and that he obtained the printing by methods not entirely ethical and legitimate; and that when called before the grand jury as a witness he refused to testify on the constitutional ground that his answers might tend to incriminate him. The articles written and published by the defendants dealt with these charges and with the proceedings in court. The complaint set forth three complete articles claimed to be libelous without alleging any particular portions thereof as defamatory, but with the conclusion that plaintiff was charged with being engaged in a system of organized crime through which he was receiving large sums of money by illegal methods and otherwise practicing illegal acts on a large scale. The answer, while somewhat ineptly drawn, contained defenses which in effect pleaded justification, the same matter in mitigation as being at least in part true, the absence of malice, and that the publication was based on information received from trustworthy sources; and the defense of privilege. Two of the defendants moved for an order of examination of the plaintiff before trial which examination, it may be said, related to the alleged defenses of justification and mitigation. The plaintiff opposed this motion on the ground that the answer was, on its face, insufficient to establish justification, and the motion was denied. The answer had not theretofore been challenged as to its sufficiency. It has been served and accepted without question and the cause noticed for trial nearly a year before this motion was made. The examination relates to facts material and necessary to the defenses. Under the circumstances the answer will be deemed sufficient. (*Cafferty* v. *Southern Tier Publishing Co.*, 226 N. Y. 87; *Fleckenstein* v. *Friedman*, 266 id. 19; *Goodrow* v. *Press Co., Inc.*, 233 App. Div. 41; *Foley* v. *Press Publishing Co.*, 226 id. 535.) Under the present practice the granting of an examination before trial rests in sound discretion. (*Public National Bank* v. *National City Bank*, 261 N. Y. 316.) The court at Special Term denied the motion on legal grounds without the exercise of discretion. Under the circumstances disclosed, we exercise that discretion here. Order denying motion reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted; examination to proceed at Special Term on five days' notice. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.