RUTH E. W. SIMONS, Plaintiff, *v.* HAROLD SIMONS, Defendant.

Supreme Court, Special Term, Columbia County, August 11, 1944.

*R. Monell Herzberg* for plaintiff.

*George C. Inman* for defendant.

*Harold A. Callan* and *Harold V. A. Drumm* for corespondent.

MURRAY, J. The corespondent in the above action moves to vacate a notice to take her deposition as a party to the action before trial by plaintiff. She urges four reasons as a basis for granting the motion as follows: (1) that she is not a party to the action within the meaning of that term as used in section 288 of the Civil Practice Act; (2) that the plaintiff is not entitled to an examination on the matters with reference to which the examination is sought; (3) that the testimony sought to be taken on the matters contained in paragraphs marked " 5 " and " 6 " is incompetent; and (4) that the interests of justice will not be subserved by the taking of said testimony.

The granting of an order for the examination of a party before trial rests in the sound discretion of the court. (*Chapman* v. *Long Island Daily Press Publishing Co.*, 248 App. Div. 617.) The taking of the deposition must be material and necessary for the prosecution or defense of the action. (*Public National Bank* v. *National City Bank*, 261 N. Y. 316.) The purpose of taking depositions is to clarify the issues in advance of trial.

A person named as corespondent in an action to obtain a divorce on the ground of adultery has a right to appear and defend such action *so far as the issues affect such corespondent.* At any time before entry of judgment, if no service of a copy of the pleadings has been made on the corespondent, a corespondent in a divorce action has the option to appear either in person or by an attorney in the action and demand of plaintiff's attorney a copy of the summons and complaint, which must be served within ten days thereafter, and such corespondent may appear and defend such action so far as the issues affect him. (Civ. Prac. Act, § 1151.) It is discretionary with a corespondent to appear or not to appear as a party to a divorce action.

Ordinarily, when an action is commenced, the parties thereto are named in the summons. 'The person who brings the action is denominated plaintiff, and the person against whom the action is brought is called defendant. (Civ. Prac. Act, § 191.) In an action brought to obtain an absolute divorce on the ground of adultery the corespondent is not specifically named in the summons either as a party plaintiff or party defendant.

While it is true that the right to examine an adverse party before trial is practically unrestricted and that section 288 of the Civil Practice Act should be liberally construed, nonetheless, unlimited examinations before trial in matrimonial actions are not permitted. (*Immerman* v. *Immerman,* 230 App. Div. 458.)

A corespondent in a divorce action is not a party to the action for the reason that he is not allowed to appear generally in the action as a plaintiff or a defendant, but only to the limited extent of defending so far as the issues affect him. The purpose of the Legislature in enacting section 1151 of the Civil Practice Act was to prevent collusion in divorce actions and to enable a person designated as corespondent to appear and be heard in such action only to the extent that the issues affect him.

In *Boller* v. *Boller* (111 App. Div. 240, 242–243) the reasons why a corespondent is not a party to a divorce action are very clearly and succinctly set forth as follows: " It will be noticed that this statute [Code Civ. Pro., § 1757; now Civ. Prac. Act, § 1151] does not in express terms make a corespondent a party to the action nor allow him to serve an answer to the complaint. He is not given the rights of a party to the action. He is not entitled to interfere in the determination of any issue of law or fact, except that he is allowed to ' appear to defend such action so far as the issues affect such co-respondent.' With all of the questions presented he has no concern,

except so far as he is directly affected, but when he is served with the pleading he has a right to defend so far as he is affected by any charge made in the pleading."

Plaintiff seeks to examine corespondent to establish alleged acts of adultery committed by such corespondent. Compulsory discovery of corespondent's conduct, acts or misdeeds is abhorrent to the principles of free government. It smacks of the Gestapo. Any legal process which compels a person to give testimony against himself or herself as to adulterous intercourse shocks one's sense of justice and fair play. Such procedure is not only offensive to common and fundamental ideas of fairness and decency, but in violation of constitutional rights. (N. Y. Const., art. I, § 6; U. S. Const., 5th Amendt.)

Adultery is a statutory misdemeanor. (Penal Law, § 101.) In an action for absolute divorce a corespondent could refuse to answer questions proving or tending to prove adultery on his or her part on the ground of self incrimination. To give judicial sanction for inquisition of a corespondent in a divorce action before trial would tend to nullify and destroy the beneficent provisions of section 1151 of the Civil Practice Act. A corespondent might well hesitate or refuse to appear rather than be subjected to the possibility of a grueling examination by a sharp-tongued lawyer before trial. It would place in the hands of unscrupulous persons a judicial weapon of dangerous potentiality. It would be a source of harassment, and persons might use such means for malicious or other ulterior motives. (*Wessel v. Schwarzler, No. 1,* 144 App. Div. 587.)

For the reasons stated herein, I conclude that the interests of justice will not be subserved by the taking of such testimony, and accordingly, the motion to vacate the notice of examination is granted.

Submit order.