LEO LEITNER, Plaintiff, *v.* CLARA LEITNER, Defendant.

Supreme Court, Special Term, Bronx County, October 18, 1946.

*Barnet Muffs* for plaintiff.

*Henry Laufbahn* for defendant.

*Alexander Berman* for corespondent.

KOCH, J. This action was brought against the defendant for absolute divorce on statutory grounds. The plaintiff served a copy of his complaint upon the corespondent named therein, pursuant to section 1151 of the Civil Practice Act. The corespondent appeared in the action and interposed an answer, and on the trial joined with the defendant in resisting the charge of adultery. This issue was tried before me and resolved in favor of the plaintiff. An interlocutory judgment of divorce was entered against the defendant. The plaintiff now seeks to enter a judgment for costs against the corespondent.

A person named as corespondent in an action of this kind has a right to appear and defend against the imputation of adulterous conduct. Whether he will elect to exercise such right and make himself a party to the proceedings is a matter entirely within his own discretion (Civ. Prac. Act, § 1151; formerly Code Civ. Pro., § 1757, in part).

The practice under this section has been described as somewhat anomalous, and " * * * a co-respondent acting under it does not in the ordinary manner become a party to the action and to the judgment rendered therein. Nevertheless, he does become a party to it in a manner which, although qualified, gives him a full opportunity to defend against and contest the particular allegations which affect him." (*Hendrick* v. *Biggar,* 209

N. Y. 440, 444.) It has also been said that " The co-respondent is not, by the terms of the statute, called a defendant, but he is allowed to appear and defend the action, and may very properly be regarded as a party defendant from the time he appears and serves an answer to the complaint. He is not obliged to defend, and cannot be compelled to do so. His appearance is voluntary, but if he elects to come into the action, he ought to be regarded and treated as a party defendant from that time. Being a defendant, he is subject to the general provisions of the Code as to costs in such an action, except so far as they are modified by the amendment in question." (*Billings* v. *Billings,* 73 App. Div. 69, 70.)

Ordinarily, the allowance of costs in a matrimonial action is discretionary with the court. This general rule is modified, and the discretion vested in the court with respect to costs yields in the case of a *successful* corespondent who has answered the complaint and defended on the issue of adultery in an action for divorce (*Billings* v. *Billings, supra;* see *Mehlenbacker* v. *Mehlenbacker,* 77 Misc. 343). " * * * such co-respondent shall be entitled to a bill of costs against the person naming him as such co-respondent, which bill of costs shall consist only of the sum now allowed by law as a trial fee, and disbursements * * *." (Civ. Prac. Act, § 1152; formerly Code Civ. Pro., § 1757, in part.) " To this extent only is the discretion taken away from the court. When the co-respondent fails in his defense, the court has a discretion as to the allowance of costs against him." (*Billings* v. *Billings, supra,* p. 71.) Such costs as may be assessed against an *unsuccessful* corespondent, and to which he becomes amenable from the time of service of his answer, will be limited to a trial fee and disbursements in the action (*Boller* v. *Boller,* 111 App. Div. 240, 243).

The corespondent in this case has made himself amenable to the imposition of costs in the discretion of the court. He appeared in the action and served an answer to the complaint. He united with the defendant in contesting the right of the plaintiff to a divorce. He was represented by separate counsel and fully participated on the trial of the issue of adultery. The same considerations that sustained an award of costs against the unsuccessful corespondent as a proper exercise of discretion in the *Billings* case (*supra*) are present to justify an allowance of costs against the unsuccessful corespondent from the time of service of his answer in this action.

The plaintiff may tax a bill of costs against the corespondent for a trial fee and disbursements, and judgment may be entered accordingly.