Nathaniel T. Helman, J.
By this application, one of two defendants named in an action for absolute divorce seeks an order under CPLR 1003 striking his name as a defendant in the action and amending the summons and complaint and all other proceedings by deleting his name from the title of the action.
The moving defendant was served with a summons and notice, in an action whose objective was an absolute divorce based on charges of abandonment and adultery. It is plaintiff’s claim that movant was named as a corespondent, and that it is contemplated that he will be charged in the forthcoming complaint with an adulterous relationship with plaintiff’s spouse. Responding to movant’s charge that a corespondent is not a proper party to the action, plaintiff relies on that provision of subdivision 1 of section 172 of the Domestic Relations Law which provides that “ In an action brought to obtain a divorce on the ground of adultery the plaintiff or defendant may serve a copy of his pleading on a corespondent named therein. At any time within twenty days after such service, the corespondent may appear to defend such action so far as the issues affect him.”
As far back as the year of 1906, it was held in Boller v. Boller (111 App. Div. 240) under subdivision 2 of section 1757 of the old Code of Civil Procedure that a corespondent is not a party to a divorce action and is not given the rights of a party. He is not entitled to interfere in the determination of any issue of law or fact, except ‘ ‘ so far as the issues affect such corespondent (p. 242).” When the code provisions passed into the Civil Practice Act, section 1151 was similarly interpreted as limiting his rights ‘' to defend so far as he is affected by any charge made in the pleading.” (Simons v. Simons, 182 Misc. 860, 862.)
Section 172 of the Domestic Relations Law, enacted in 1962, effected no modification of the intent and meaning of section 1151. (Fourth Preliminary Report of Advisory Comm, on Practice and Procedure, 1960, p. 376; N. Y. Legis. Doc., 1960, No. 20, p. 376.) The purpose of the section authorizing the person named as corespondent to appear and defend, was to *725 prevent collusion in divorce actions and to enable him to be heard in the action only to the extent that the issues affect him. Whether he elects to exercise his right to defend is in his own discretion (Leitner v. Leitner, 187 Misc. 893). It is obvious that were he continued as a party to the action, possible harassment and embarrassment by unnecessary examination before trial or other proceedings could result (Faulk v. Faulk, 22 A D 2d 671).
Here, a summons only was served. The word “ pleading” as used in section 172, in its authorization to plaintiff to serve a copy of his pleading on the corespondent, refers to a complaint, and not a summons. Obviously, the designation of the movant as a third-party corespondent was improper.
The motion will be granted.