BERENICE L. BAUMANN, Appellant, *v.* CHARLES LUDWIG BAUMANN
and Another, Respondents.

First Department, February 3, 1928.

**Judgments — declaratory judgment — action by wife under Civil Practice
Act, § 473, to have declared rights and relations to husband who had
secured foreign divorce and remarried — court erred in exercise of
discretion, under Rules of Civil Practice, rule 212, in holding that
plaintiff might institute action under Civil Practice Act, § 1134, to
annul marriage between defendants — plaintiff has substantial personal
and property rights which demand adjudication as to her status in
this State — complaint is sufficient on which to base declaratory
judgment — Civil Practice Act, arts. 67-70, do not exclude present
form of action.**

In this action, instituted under section 473 of the Civil Practice Act, plaintiff
seeks a declaratory judgment by which her status as a married woman in this
State will be declared. The complaint states a cause of action. It is alleged
that one of the defendants, plaintiff's husband, went to Mexico for the purpose
of securing a foreign divorce, and did procure an alleged divorce in Mexico
after a short residence there, in an action in which the plaintiff did not appear
and in which she was not served with process; that the divorce so procured is
void in this State; that her husband and the other defendant shortly thereafter
went to Connecticut, entered into a marriage ceremony, and immediately
returned to New York; that defendants are living together as husband and
wife, and by reason thereof friends and acquaintances of plaintiff will assume
that her husband divorced her and that the other defendant is now the lawful
wife of plaintiff's husband; that it is essential to the preservation of plaintiff's
rights and of her marital status and reputation in the community that a
declaratory judgment be entered declaring the plaintiff to be the lawful wife;
that said Mexican divorce was fraudulently obtained and is void and that the
defendants are not husband and wife. The plaintiff prays for the relief stated
and also that the defendants be restrained from living together as husband
and wife, or representing or holding themselves out as such.

The court erred in exercise of discretion, under rule 212 of the Rules of Civil
Practice, in holding that the plaintiff has a remedy in this State which will
accomplish all that she seeks to accomplish in this action, namely, that she
may bring an action to annul the marriage between the defendants, pursuant
to section 1134 of the Civil Practice Act.

Any discretion which the court is authorized to exercise, under rule 212, should,
under the circumstances of this case, be exercised only upon the trial of the action.

The plaintiff has substantial personal and property rights which demand an
adjudication of her status in this State as the wife of defendant Baumann, and,
under section 473 of the Civil Practice Act, which authorizes a declaratory
judgment, she is entitled to that relief.

The provisions of articles 67 to 70 of the Civil Practice Act do not exclude the
present form of action, for at most these articles furnish merely alternative
remedies.

APPEAL by the plaintiff from a judgment of the Supreme Court,
entered in the office of the clerk of the county of New York on the

25th day of June, 1927, and also from an order entered in said clerk's office on the 21st day of May, 1927, as resettled by an order entered in said clerk's office on the 16th day of June, 1927.

*Herbert R. Limburg* of counsel [*Lionel S. Popkin* with him on the brief; *Hirsch, Sherman & Limburg,* attorneys], for the appellant.

*Simon H. Rifkind* of counsel [*Robert F. Wagner* with him on the brief; *Joseph Force Crater,* attorney], for the respondents.

MERRELL, J. The action is brought pursuant to section 473 of the Civil Practice Act to obtain a declaratory judgment. The plaintiff and the defendant Charles Ludwig Baumann were married in the city of New York on January 18, 1909. Two children were born of said marriage, both of whom are now living with and in the custody of plaintiff. It is alleged in the complaint that during the year 1925 the defendant Baumann, who then was and still is and at all times mentioned in the complaint has been a resident of the city of New York, went to the State of Yucatan, Mexico, and commenced or attempted to commence in the court of said State an action to obtain a divorce from plaintiff; that plaintiff did not appear in said action, and was not served with process, and that the defendant Baumann, nevertheless, procured to be entered a decree, order or judgment of said Mexican court purporting to divorce him from plaintiff. It is alleged in the complaint that said divorce was colorable and of no force or effect in law whatsoever; that the sojourn of the defendant Baumann in Mexico did not exceed two months' time, when he returned to the State of New York; that the defendant Ray Starr Einstein was informed of the facts aforesaid before proceeding to the State of Connecticut where it is claimed that a marriage ceremony was performed uniting the said Ray Starr Einstein in marriage with the defendant Baumann. According to the allegations of the complaint the defendant Einstein in June, 1926, obtained a decree of divorce dissolving her marriage with one Walter S. Einstein, her husband. It is further alleged that upon the defendant Einstein obtaining a divorce from her husband she proceeded in June, 1926, accompanied by the defendant Baumann, to the State of Connecticut and there went through the form of marriage with the defendant Baumann. Plaintiff alleges in her complaint that said last mentioned marriage was invalid and of no force in law whatsoever; that defendants thereupon returned to the State of New York and since have been and still are residents of the city of New York; that neither defendant was at the times mentioned a resident of the State of Connecticut, but were at all times mentioned residents of the State of New York, and that their

sojourn in the State of Connecticut was brief and for the purpose of going through the marriage ceremony aforesaid. It is further alleged that the defendants have been and are now residing together in the city of New York under the name of Mr. and Mrs. Baumann, and have been and still are holding themselves out to be and pretending to be husband and wife, and that they have been living together in such relationship since June, 1926. As the real basis for the relief which the plaintiff seeks herein the plaintiff alleges that she and the defendant Baumann have a number of friends and acquaintances in the city of New York, and that the plaintiff and both defendants are known to a large number of persons there who have known for a number of years that the plaintiff and the defendant Baumann were husband and wife; that by reason of the fact that the defendants are living together and holding themselves out as husband and wife and because of the colorable Mexican decree of divorce the mutual friends and acquaintances of the plaintiff and defendants have been and may be led to believe that the defendant Charles Ludwig Baumann has divorced plaintiff and that the defendant Ray Starr Einstein is his lawful wife and that said persons and others and the general public have been or will be led to believe that the defendant Ray Starr Einstein is the plaintiff and because of the aforesaid facts and premises the plaintiff has been and will be subject to ignominy and unpleasantness and to the false suspicion that the colorable Mexican divorce was granted upon the ground of plaintiff's infidelity, and to humiliation and doubt as to her status as the lawful wife of the defendant Baumann. Plaintiff further alleges in her complaint that it is essential to the preservation of plaintiff's rights and of her marital status and reputation in the community in which she and defendants reside that a declaratory judgment be entered in this court declaring that plaintiff is the lawful wife of the defendant Charles Ludwig Baumann; that the said Mexican divorce was fraudulently obtained and is void and of no force in law, and that the defendants Baumann and Einstein are not husband and wife, and that the plaintiff be granted relief enjoining the defendants from living together as husband and wife and from representing and holding out to the community that they are husband and wife, and enjoining the defendant Einstein from assuming or using the name of Baumann. Upon such allegations the plaintiff asks, *first,* that a declaratory judgment be made and entered that plaintiff is the lawful wife of the defendant Charles Ludwig Baumann; *second,* that a declaratory judgment be made and entered that the defendants Baumann and Einstein are not husband and wife; *third,* that a declaratory judgment be made and entered that the colorable decree of Mexican

divorce is invalid and of no force or effect in law; *fourth*, enjoining and restraining defendants from living together as husband and wife and enjoining defendants, or either of them, from representing or holding themselves out as husband and wife and enjoining the defendant Ray Starr Einstein from assuming or using the name of Ray Starr Baumann, or Mrs. Charles Ludwig Baumann, or Mrs. Charles L. Baumann, or Mrs. C. Ludwig Baumann, or Mrs. Baumann; *fifth*, such other and further relief and declaration of the rights and legal relations of the parties to this action as shall be necessary and proper in the premises.

The defendants answered jointly in the action, but this motion having been addressed to the sufficiency of the complaint, the averments of the answer are immaterial and irrelevant upon this appeal. In moving for a dismissal of the complaint for insufficiency the defendants are deemed to have admitted as true all of the allegations of said complaint.

We are of the opinion that the complaint stated facts sufficient to constitute a cause of action for declaratory relief, and that the court improperly dismissed said complaint for insufficiency. In thus disposing of the plaintiff's complaint the court at Special Term refused the plaintiff an opportunity to prove the facts upon which the plaintiff sought a declaration of her status and rights in the premises. The action was brought by plaintiff under section 473 of the Civil Practice Act, which provides that " The Supreme Court shall have power in any action or proceeding to declare rights and other legal relations on request for such declaration whether or not further relief is or could be claimed, and such declaration shall have the force of a final judgment." The section further provides for the adoption of rules to carry into effect its provisions, and in pursuance thereof rule 212 of the Rules of Civil Practice was adopted providing that if in the opinion of the court the parties should be left to relief by existing forms of action or for other reasons the court may decline to pronounce a declaratory judgment, stating the grounds on which its discretion is so exercised. In granting the motion of the defendants the court below seized upon the provisions of rule 212 and assumed to exercise discretion and held that the plaintiff had a remedy in this State which would accomplish all that she seeks to accomplish in the present action, namely, that the plaintiff might bring action to annul the marriage between the defendants Baumann and Einstein, pursuant to section 1134 of the Civil Practice Act. We are of the opinion that the court at Special Term improperly granted the defendants' motion to dismiss the complaint for insufficiency as a matter of discretion, and that any discretion which the court was

authorized to exercise under rule 212 should under the peculiar circumstances of this case only be exercised upon the trial of the action, at which time the court would have had before it the plaintiff's evidence and could then properly pass upon the plaintiff's plea for a declaration of her marital status. There may be some question as to the right of the courts of this State to adjudicate as to the validity of the Mexican decree of divorce which the defendant Baumann claims to have obtained and as to the right of the plaintiff to annul the marriage purporting to have been entered into between the defendants in the State of Connecticut. (*Westchester Mortgage Co.* v. *G. R. & I. R. R. Co.*, 246 N. Y. 194.) Nevertheless, we are of the opinion that the plaintiff has substantial personal and property rights which demand an adjudication as to her status *in this State* as the wife of the defendant Baumann.

The language of section 473 is general and all-embracing. It is provided that the Supreme Court shall have power *in any action* to declare rights and other legal relations on the request for such declaration, whether or not further relief is or could be claimed. We do not think the provisions of articles 67, 68, 69 and 70 of the the Civil Practice Act exclude the present form of action. We think the action for declaratory judgment for the relief sought by plaintiff is permissible, and that the provisions of the articles of the Civil Practice Act mentioned at most furnish alternative remedies. Whatever relief the plaintiff may receive by the judgment in this action must be left to the trial. Suffice it to say that in our opinion the plaintiff is entitled to some relief herein, and that she is entitled to have declared her matrimonial status here with the defendant Baumann. Not only is this a matter of personal concern to the plaintiff, but it may well be that her property rights may be involved as well as those of the children of the parties. (*Greenberg* v. *Greenberg*, 218 App. Div. 104.)

The judgment and order appealed from should be reversed, with costs, and defendants' motion denied, with ten dollars costs.

Dowling, P. J., Martin, O'Malley and Proskauer, JJ., concur.

Judgment and orders reversed, with costs, and the motion denied, with ten dollars costs.