CHARLES TRACEY, Plaintiff, *v.* JOHN SULLIVAN, Defendant.

County Court, St. Lawrence County, March 5, 1928.

Fish and game — device for taking deer illegally — defendant, game protector, seized gun under Conservation Law, § 169 — gun is not " device," within meaning of said section — plaintiff may recover in action of replevin.

The plaintiff in this action of replevin may recover a gun seized by the defendant, a game protector, under section 169 of the Conservation Law as a device for taking wild deer illegally, for the word " device " as used in said section does not include a gun.

APPEAL by the defendant from a judgment rendered by a justice of the peace of the town of Canton in the county of St. Lawrence awarding damages to the plaintiff in the sum of twenty dollars besides costs of the action.

*Leon G. Crary,* for the appellant.

*George H. Bowers,* for the respondent.

DOLAN, J. The action is for the recovery of a certain gun or the value thereof which the plaintiff alleges the defendant took from him by virtue of the provisions of section 169 of the Conservation Law (added by Laws of 1912, chap. 318, as last amd. by Laws of 1921, chap. 328). Apparently, the action is one of those contemplated under section 89 of the Justice's Court Act. The defendant admitted he took the gun from the plaintiff and still retains it but contends that at the time he took said gun he was a duly appointed game protector of the State of New York and that the gun was seized and confiscated by him while in the performance of his duty, since the plaintiff had used said gun in taking a wild deer illegally.

No evidence was offered by either party on the trial of the action. Certain concessions, however, were made and filed by the parties, viz.:

I. That the value of the gun was twenty dollars.

II. That the plaintiff has not been arrested or tried for any violation of the Conservation Law occurring on or about October 1, 1927.

III. That there has been no judicial determination that the plaintiff violated the Conservation Law for acts occurring on or about October 1, 1927.

IV. That the defendant has retained the gun of the plaintiff since October 1, 1927.

V. That neither of the three subdivisions of section 90 of the Justice's Court Act have any application.

The plaintiff demurred to the answer upon the ground that it did not, after making the foregoing concessions, constitute a legal defense. That demurrer the justice of the peace sustained.

Allegations of a complaint demurred to as insufficient in law to constitute a cause of action must be taken as true. Therefore, the demurrer having been sustained, the allegations of the answer must be considered as true. (*Sanders* v. *Soutter,* 126 N. Y. 193; *Marie* v. *Garrison,* 83 id. 14; *Atkins* v. *Judson,* 33 App. Div. 42; *Sage* v. *Culver,* 147 N. Y. 241; *Abbott* v. *Easton,* 195 id. 372.)

In other words, on account of the position which the plaintiff took he admits that the gun in question was taken from him by the defendant under the assumption that it was a device used in taking and possessing a wild deer illegally. The question, therefore, which was left with the justice of the peace to pass upon was whether the gun was such a device as was contemplated in

the law and the justice of the peace by sustaining the demurrer has found that the gun was not such a device.

Webster defines " device " as a synonym of " contrivance," which is also defined as a thing contrived, invented or planned; and anything, therefore, which was constructed, planned or contrived for the purpose of taking game is no doubt within the statute.

A " gun " in the usual sense is a weapon which throws a projectile or missile to a distance.

I assume that the justice of the peace was of the opinion that if the Legislature had intended to include gun as a device that it would have been described as a gun, weapon or instrument, and that he came to the conclusion that the word " device " as used in the statute does not include a gun.

I do not feel like disturbing that decision.

An order may be prepared accordingly affirming said judgment.