ANDREW H. BOWN and Another, Suing on Behalf of Themselves and All Other Stockholders of BUFFALO STEEL CAR COMPANY, INC., in Like Situation as Themselves, Who Shall in Due Time Come in and Seek Relief by and Contribute to the Expenses of This Action, Appellants, *v.* HARRY T. RAMSDELL and Others, Respondents.

Fourth Department, November 20, 1929.

*Lewis, McKay, Bown & Johnson* [*Carlton F. Bown* of counsel], for the appellants.

*Dudley, Stowe & Sawyer* [*Ansley W. Sawyer* of counsel], for the respondents.

THOMPSON, J. Alleging that defendant corporation is in the control of defendant directors (4 Cook Corp. [8th ed.] 3250), plaintiff stockholders bring this action in equity (*Niles* v. *N. Y. C. & H. R. R. R. Co.*, 69 App. Div. 144; affd., 176 N. Y. 119), for themselves and all other stockholders who may wish to come in, to compel defendant directors to make good to defendant corporation the

loss sustained by it through their bad faith, malfeasance, breach of trust and negligence in the sale and disposition of the sole assets of the corporation for an inadequate price.

Defendants have moved in Special Term to dismiss the complaint on the grounds, *first*, that it does not state facts sufficient to constitute a cause of action; *second*, that plaintiffs have a complete and adequate remedy at law, and the motion has been granted.

The complaint alleges that on November 8, 1928, the defendant directors attended a meeting of the stockholders called for the purpose of obtaining the consent required by section 20 of the Stock Corporation Law for the sale of the corporation assets, and used their influence to effect the immediate passage of a resolution directing the sale of said assets at a specific price and to a specific person, in spite of the fact that the representative of another bidder there present requested additional time to obtain authority to raise his bid; that thereafter and on November 13, 1928, at a meeting of the board of directors of said corporation duly called for the purpose of selling the assets of the corporation upon the authority received from the said stockholders' meeting, said defendants passed a resolution directing and confirming a previously unauthorized sale alleged to have been made by the president, the defendant Floyd M. Wills, for the sum of $166,500, to the bidder named in the stockholders' resolution, knowing that a bid substantially higher, accompanied by an adequate deposit, and made by a responsible bidder, was actually in the hands of the defendant Wills, and being informed and knowing that an even higher price could be obtained if reasonable diligence was exercised. Giving to this complaint that liberal construction to which it is entitled on a motion of this character, we think it contains facts sufficient to constitute a cause of action. We read the complaint as setting forth that the resolution of the directors was the effective action in making the contract. The absence of previous authorization by the directors is implicit in the whole complaint.

"In a stockholder's suit to hold the directors liable for negligence the acts of negligence need not be set out with great particularity. The suit is in a court of equity and the court decides the questions of fact, since the suit is in the nature of an accounting." (3 Cook Corp. [8th ed.] 2843; *Halsey* v. *Ackerman*, 38 N. J. Eq. 501.)

"Directors * * * personally answerable for losses resulting from ordinary neglect in their official duties; ordinary neglect being understood to be the omission of that care which every man of common prudence takes of his own concerns." (7 R. C. L. 474; 14a C. J. 98; *Hun* v. *Cary*, 82 N. Y. 65.)

The liability of officers to the corporation for damages caused by negligent or unauthorized acts rests upon the common-law rule which renders every agent liable who violates his authority or neglects his duty to the damage of his principal. (*Holmes* v. *Willard*, 125 N. Y. 75.)

It is inconceivable that the remedy provided by section 21 of the Stock Corporation Law (as amd. by Laws of 1924, chap. 441) is to the exclusion of the remedy afforded by this form of action. The action here is representative and derivative of the corporation and each stockholder, and the avails of it become the property of the corporation. The recovery is from the directors, and not from the corporation. The remedy supplied by section 21 is limited to individual stockholders not voting in favor of a sale under section 20 of the Stock Corporation Law, who shall object to such sale, demand payment for their stock at such meeting or within twenty days thereafter; and apply to the court for the appointment of appraisers to appraise the value of their stock within sixty days and is solely against the corporation itself. The corporation has no remedy under section 21, except to make application for an appraisal, but it has ample remedy in this action, and through it the stockholders are protected. Moreover, the remedy under section 21 is entirely inadequate if the corporation is insolvent. The stockholders cannot sue the directors at law for the corporation, nor can they sue the corporation for the negligence of the directors. It is clear that the only remedy for the stockholder or the corporation in a situation of this sort is the action here.

The order should be reversed, with ten dollars costs and disbursements, with leave to defendants to answer in twenty days.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to defendants to serve an answer within twenty days, upon payment of the costs of the motion and of this appeal.