### KIRBY *v.* SAGINAW HOTELS CO.

1. CORPORATIONS—RIGHT OF CONSOLIDATION—STATUTES.

Under Act No. 84, Pub. Acts 1921, giving to corporations right of consolidation by three-fourths vote of capital stock (part 1, chap. 3, § 2), and providing that corporations whose act of incorporation is repealed shall be subject to provisions of said act (part 5, chap. 3, § 2), corporation organized previous to enactment of said statute has right of consolidation.

2. SAME—CONFERRING RIGHT TO CONSOLIDATE TAKES NOTHING FROM PREVIOUS CORPORATE POWERS.

Conferring on corporations organized under other statutes which are repealed the right to consolidate takes nothing from cor-

On the question as to right of corporations to consolidate, see annotation in 52 L. R. A. 369 *et seq.*

porate powers, rights, privileges, and immunities theretofore enjoyed and reserved to them under the statute (Act No. 84, Pub. Acts 1921, part 5, chap. 3, § 2).

3. SAME—CONSOLIDATION BY LESS THAN UNANIMOUS VOTE—STATUTES.

Stockholder acquiring corporate stock after legislature had conferred on corporation right to consolidate may not complain that consolidation with another corporation was not by unanimous vote of stockholders, where statute was complied with.

Appeal from Saginaw; Martin (William H.), J. Submitted October 30, 1930. (Docket No. 131, Calendar No. 35,269.) Decided February 27, 1931. Rehearing denied June 1, 1931.

Bill by Edith E. Kirby against Saginaw Hotels Company, Inc., and others to set aside a consolidation of corporations and for other relief. Decree for plaintiff. Defendants appeal. Reversed.

*O'Keefe & O'Keefe,* for plaintiff.

*Humphrey, Grant & Henry,* for defendants.

CLARK, J. Plaintiff acquired from her husband, in 1923, 834 shares of capital stock in Franklin Hotel Company, a corporation organized under Act No. 232, Pub. Acts 1903 (2 Comp. Laws 1915, § 9017 *et seq.*).

Act No. 84, Pub. Acts 1921 (2 Comp. Laws 1929, § 9943 *et seq.*), repealed Act No. 232 and many other acts, and, in chapter 3, pt. 1 (2 Comp. Laws 1929, §§ 9961–9969), gave right of consolidation.

In 1928, Franklin Hotel Company, whose corporate purpose was to do a hotel business, was consolidated with Saginaw Hotels Company, a corporation, organized under said Act No. 84, whose corporate purpose was as its name implies. Plaintiff,

the dissenting stockholder, did not consent to consolidation; she declined expressly. Later she filed this bill to set aside consolidation, for accounting, and for other relief. She had decree from which the company produced by consolidation, Saginaw Hotels Company, Inc., and said Saginaw Hotels Company have appealed.

If Franklin Hotel Company had statutory right of consolidation, it was conferred by Act No. 84, Pub. Acts 1921. Appellee argues the right was not so conferred. The question is on the last section of the act. The section provides that all corporations whose act of incorporation is repealed by this act shall hereafter be subject to the provisions of this act, and the section saves to such corporations powers, rights, privileges, and immunities conferred by the act under which incorporation was had. Conferring on such corporations the right to consolidate takes nothing from the corporate powers, rights, privileges, and immunities theretofore enjoyed. Act No. 84, Pub. Acts 1921, gave to Franklin Hotel Company right of consolidation under the act, which is by a vote of at least three-fourths of the legally issued capital stock. The right of consolidation was in such company at the time plaintiff acquired her stock, at the time she became a stockholder.

Passing the question of the authority of the legislature, under its reserved power (art. 12, sec. 1, State Constitution) to alter, amend, repeal, or abrogate all rights, privileges, or franchises of a corporation, we consider whether plaintiff may complain, having acquired her stock after the legislature had conferred on the corporation the right of consolidation. Under the weight of authority she may not.

From 14 A. C. J. p. 1060, the following:

"A consolidation of private corporations requires the unanimous consent of the stockholders unless a provision for consolidation without such unanimous consent of stockholders may be read into the contract by which the status of the stockholder was acquired, as when a statute existing at the time of subscription or at the time of the purchase of the shares authorized a consolidation with the assent of a specified proportion of stockholders, or when the corporate charter, or an amendment thereto, enacted under the reserved power of the legislature to amend, expressly authorizes consolidation without the unanimous consent of the stockholders."

And from 7 R. C. L. p. 167:

"A subscription to the stock of the corporation is deemed to be made subject to the right of an amendment to the charter permitting a consolidation of the corporation with another corporation, and a consolidation effected pursuant to a statute subsequently enacted is valid even as against a stockholder who does not consent to the amendment or the consolidation effected pursuant thereto. *A fortiori* is this true where the dissenting stockholder acquired his interest in the constituent company, whose consolidation is opposed, after the amendatory statute authorizing the consolidation was enacted; thus entering the company with such a statute existing the complaining stockholder necessarily did so subject to the provisions thereof and has no ground of complaint."

See 7 Fletcher Cyc. Corp., § 4685; note, 52 L. R. A. 384; note, 19 Am. & Eng. Ann. Cas. 1266; *Colgate* v. *U. S. Leather Co.*, 73 N. J. Eq. 72 (67 Atl. 657); 75 N. J. Eq. 229 (72 Atl. 126, 19 Ann. Cas. 1262); *Mayfield* v. *Alton Ry. Gas, etc., Co.*, 198 Ill. 528 (65 N. E. 100); *Bish* v. *Johnson,* 21 Ind. 299.

It is suggested that consolidation was produced by fraud, but this calls for no discussion.

Plaintiff has established no infirmity in the consolidation and no just cause for complaint.

Reversed, and bill dismissed, with costs.

Butzel, C. J., and Wiest, McDonald, Potter, Sharpe, North, and Fead, JJ., concurred.