THERESE ZAEPFEL, Plaintiff, *v.* SAMUEL PARNASS and ETHEL PARNASS, Defendants.

Supreme Court, New York County, June 19, 1931.

*Finkler & Finkler [Michael C. Bernstein* of counsel], for the plaintiff.

*Egan & Ittelson [Lester H. Marks* of counsel], for the defendants.

HAMMER, J. Upon a motion to dismiss the complaint, such as is here under consideration, the sole question to be considered is whether the allegations of the complaint state facts sufficient to constitute a cause of action. The allegations are taken as admitted. (*Tracey* v. *Sullivan,* 131 Misc. 553; *Baumann* v. *Baumann,* 222 App. Div. 460.) Liberal construction is given to the complaint. (*Bown* v. *Ramsdell,* 227 App. Div. 224.) Every intendment and fair inference must be drawn from the facts stated. If the plaintiff is entitled to recover on any theory on the facts in the complaint, the motion must be denied. (*Dyer* v. *Broadway Central Bank,* 252 N. Y. 430.) Although portions of the complaint are objectionable and would be properly stricken out upon appropriate application, such relief is not here sought and any such allegations will be regarded merely as surplusage on this motion to dismiss. Plaintiff

states " this is not an action for fraud, but an action for personal injuries resulting from the improper manner in which repairs were made." The theory of plaintiff's complaint is " sustained by the case of *Marks* v. *Nambil Realty Co.* (245 N. Y. 256)." The principle relied on is that one who undertakes the performance of an act and whose conduct has gone forward to such a stage that inaction would ordinarily result on the part of another is under the legal duty to such other to go forward to the completion of the task using reasonable care in performance. The principle applies even where performance is undertaken gratuitously. The principle may be paraphrased in the words: One who assumes to act becomes subject if he acts at all to the duty of acting carefully. The above principle has been stated with charming erudition not only in the case cited but also in *Glanzer* v. *Shepard* (233 N. Y. 236) and *Moch* v. *Rensselaer Water Co.* (247 id. 160). The surplus allegations have reference to alleged fraud, breach of contract and untenantable condition of the premises, and were it not for plaintiff's statement that the action intended is in negligence it might very well be said that attempt was being made to allege one or more causes of action in fraud or breach of contract or that plaintiff relies thereon to prove some element of damages. All of this is improper in a negligence action.

In negligence actions the complaint must contain allegations showing the violation of an existing legal duty owed by the defendant to plaintiff. The violation of a contractual duty is insufficient. (*Boden* v. *Scholtz*, 101 App. Div. 1.) There must be alleged the facts raising such duty of the defendant to the plaintiff and showing a violation thereof negligently brought about or permitted by the defendant; that such violation caused plaintiff's injuries; and further freedom from contributory negligence should be shown by the allegations or be pleaded. In addition to the foregoing it cannot be determined from the allegation " that as a result of said fire plaintiff was forced to leave the premises in scanty attire and thereby was made severely ill," whether plaintiff is claiming a physical injury. (*Mitchell* v. *Rochester Ry. Co.*, 151 N. Y. 107; *Williams* v. *Underhill*, 63 App. Div. 223; *Stahl* v. *Necker, Inc.*, 184 id. 85; *O'Brien* v. *Moss*, 220 id. 464; *Barrington* v. *Hotel Astor*, 184 id. 317, the theory of this last case being warranty implied in law.) The third cause of action clearly appears to arise out of an alleged violation of contractual obligation. The determination in the Municipal Court in the action for rent is not *res adjudicata* on the issue of negligence. Motion is granted, with ten dollars costs to plaintiff, with leave to plaintiff upon payment of said costs and within ten days after service of a copy of the order herein with notice of entry to serve an amended complaint.