JOHN LEE STARK, Plaintiff, *v.* HOWE SOUND COMPANY, INC., and Another, Defendants.

Supreme Court, Chemung County, July 13, 1933.

*Stanchfield, Collin, Lovell & Sayles [Frederick Collin* of counsel], for the motion.

*Gaylord Riggs [Harry Moseson* of counsel], opposed.

McNaught, J. The action is brought by plaintiff to recover damages for the alleged wrongful seizure in the State of Zacatecas in the Republic of Mexico, of property of plaintiff or plaintiff's assignors.

A preliminary motion for an order vacating and setting aside service of the summons and complaint upon the defendant Compania Industrial El Potosi, S. A., was denied. (141 Misc. 148; affd., 234 App. Div. 904.) An amended complaint was thereafter served and upon motion to dismiss under rules 106 and 107 of the Rules of Civil Practice, such motion was granted by this court by a decision dated July 29, 1932, with leave to the plaintiff to serve a further amended complaint. A further amended complaint was duly served, and at the Broome Special Term, June 2, 1933, this motion was made for the dismissal of the second amended complaint.

Plaintiff's assignors are all corporations organized under the laws of Mexico. The properties referred to were all held or owned by the assignors in the State of Zacatecas in the Republic of Mexico. The defendant Compania Industrial El Potosi, S. A., is a foreign corporation organized under the laws of the State of Chihuahua

in the Republic of Mexico. All of the acts upon which plaintiff bases his several alleged causes of action occurred in the State of Zacatecas.

The matters in difference on this motion have been exhaustively presented to the court by oral argument and voluminous briefs. The defendants contend that the first three alleged causes of action are in effect causes of action in ejectment, and the property referred to in each cause of action being real property situated within the Republic of Mexico, a foreign jurisdiction, an action of ejectment in relation thereto cannot be maintained in the State of New York.

The plaintiff contends that the causes of action alleged are in trespass and their maintenance in this court within the State of New York is specifically authorized and permitted by the provisions of section 536 of the Real Property Law.

The fourth, fifth and sixth causes of action alleged in the second amended complaint seek in form to recover damages for conversion of a specified number of metric tons of reserve dump ore located upon the lands referred to in the first three causes of action. The defendants contend that the reserve dump ore under the law of Mexico is real estate and that under the civil law which governs in Mexico, no action for conversion as understood in this jurisdiction will lie.

In the fifth cause of action the plaintiff seeks to recover for certain machinery and equipment in addition to the reserve dump ore referred to therein, and in the seventh cause of action seeks to recover for certain personal property consisting of office furnishings, books, engineering instruments and some household equipment.

The motion to dismiss the amended complaint was granted for the reason that if the allegations as set forth in that complaint were to be regarded as alleging causes of action in ejectment, the courts of this State were without jurisdiction to entertain such action, and if the causes of action were in trespass they failed to state facts sufficient to constitute a cause of action, inasmuch as possession by plaintiff or plaintiff's assignors at the time of the trespass was not alleged. The other causes of action set forth in the amended complaint were dismissed, the court holding that treating the allegations as setting up a cause of action for the conversion of personal property, the amended complaint was entirely silent as to the law of Mexico upon which the right of plaintiff to maintain such actions would depend.

The second amended complaint differs from the amended complaint in that it contains nineteen new or additional allegations and an appendix made a part of the complaint, purporting to set

forth certain provisions of the laws of Mexico and of the State of Zacatecas, which it is alleged authorize the maintenance of an action by the plaintiff for the wrongful acts alleged in the second amended complaint. The nineteen new allegations in substance set forth, that the defendant Howe Sound Company, Inc., controls the affairs of the defendants from its New York office; that the properties involved comprise real property over mines, mine dumps, etc.; that plaintiff was one of the organizers and is the owner of all the stock of the assignor corporations except the United States and Mexican Trust Company; that plaintiff and his employees possessed the properties under title and prescriptive rights from about 1916 to the time of the seizure; that the causes of action are founded on the unlawful seizing and retention *in mala fe*, and the damages therefrom; that the seizure and retention are actionable torts and wrongs under the laws of the State of Zacatecas; that within one year the plaintiff demanded damages; that the rights of action are based on the constitution of the Republic of Mexico and laws thereof, and of the State of Zacatecas, and of the State of New York; that the Mexican laws are based on the Roman Civil Law; that the market value of silver July 29, 1929, was fifty-two and five-eighths cents per ounce; that prior to the seizure there were certain negotiations between the plaintiff and defendants acting through their representative; that certain evidences of title were entrusted to the representative of the defendants; that the plaintiff was later informed by the representative that the defendants did not care to continue negotiations for purchase; that thereafter the mineral rights were taken out by the defendants in the name of the defendant Compania Industrial El Potosi, S. A.; that the defendants bribed the government of Zacatecas to condemn and seize and turn over to the defendants the properties; that the condemnation and seizure of the properties were illegal and in violation of the laws of the Republic of Mexico; that the State of Zacatecas had no authority to condemn the properties; that all of the acts and the seizure of the properties were the result of the acts, orders and bribery on the part of the defendants and in violation of the laws of the State of Zacatecas and the Republic of Mexico; that the seizure and retention without plaintiff's consent of the personal property were in violation of the civil law in force in the Republic of Mexico and the State of Zacatecas at the time of the seizure; that the causes of action are based on the unlawful seizing, taking and retention of the properties and the damages arising therefrom and no demand is made for the specific return of the properties mentioned in the complaint; that attached to

the complaint are certain sections of specified codes of the Republic of Mexico and the State of Zacatecas.

Such allegations are thereafter as to each cause of action specifically made a part of the allegation of such cause of action, the second amended complaint alleging at the beginning of each separate cause of action " Plaintiff realleges allegations one to twenty-three of the first cause of action in the same manner as if fully set forth herein   *   *   *."

Upon a motion to dismiss a complaint under rule 106 of the Rules of Civil Practice, the sole question to be considered is whether the allegations of the complaint state facts sufficient to constitute a cause of action. The allegations are to be taken as admitted. (*Baumann* v. *Baumann*, 222 App. Div. 460; *Tracey* v. *Sullivan*, 131 Misc. 553.) Liberal construction is to be given to the complaint. (*Bown* v. *Ramsdell*, 227 App. Div. 224.) Every intendment and fair inference must be drawn from the facts stated. If the plaintiff is entitled to recover on any theory on the facts in the complaint the motion must be denied. (*Marie* v. *Garrison*, 83 N. Y. 14, 23; *Dyer* v. *Broadway Central Bank*, 252 id. 430; *Madole* v. *Gavin*, 215 App. Div. 299.)

It is our conclusion that an action to recover damages for trespass is within the provisions of section 536 of the Real Property Law, formerly section 982-a of the Code of Civil Procedure. It is true that prior to the enactment of this section in 1913 our courts had no jurisdiction of actions for injuries to real property lying without the State. In that year the then Code of Civil Procedure was amended by adding the provision which is now section 536 of the Real Property Law. The provision has been passed upon by our highest court, which has said: " We need not dwell upon the question whether before this amendment of the Code, a trespass on foreign lands was recognized by our law for any purpose as constituting a wrong (Dicey Conflict of Laws [2d ed.], pp. 31, 32). If we recognized it as a wrong, we gave no redress for it. If the injured owner had suffered an impairment of his right, he had none the less no right of action. He may have had one under the laws of some other state or country. He had none under our laws. His cause of action until then was local, and limited by the boundaries of the state where the wrong was done. It has now become transitory, giving rise to ' an *obligatio*, which like other obligations follows the person, and may be enforced wherever the person may be found.' (*Slater* v. *Mex. Nat. R. R. Co.*, 194 U. S. 120, 126.) When the cause of action was local, it was not in this jurisdiction a cause of action at all. It became a cause of action by force of

the statute which made it transitory." (*Jacobus* v. *Colgate*, 217 N. Y. 235, 240, 241.)

The action of trespass which is to recover damages to possession under the general rules as stated by this court in its former decision, cannot be maintained by a plaintiff out of possession when the trespass is committed, but it is our view that the distinguished counsel for the defendant misinterprets the decision of this court and the authorities which it cited, when he seeks to infer that the plaintiff must be restored to possession before such action can be maintained. We do not conceive this to be the true rule. It is unquestionably the law that the plaintiff or his assignor must have been in possession when the acts complained of occurred and it is the damage and the injury sustained by the interference with that possession and with the rights the plaintiff had thereunder which is the gist and foundation of the action of trespass.

In the second amended complaint it is set forth as to each of the first three causes of action that the plaintiff assignor was in good faith the owner and in possession of the lands described in each of said causes of action, and that the defendants without leave or permission, unlawfully entered upon, seized and took possession from plaintiff's assignors of the lands described. This is an allegation of trespass.

As to the causes of action relating to the reserve dump ore, the plaintiff contends that under the law of the Republic of Mexico and the State of Zacatecas, attached to and forming a part of the complaint, an action for the recovery of damages for conversion is maintainable. This position is vigorously opposed by counsel for defendants. Upon this motion the varying interpretations of the law of Mexico cannot be considered and determined by affidavits. The plaintiff sets forth an alleged cause of action, and to meet and obviate the decision of this court on motion to dismiss the first amended complaint, sets forth and alleges certain law which he claims is the law of Mexico, or the State of Zacatecas, which authorizes the maintenance of the action. If the defendant denies the law is applicable, or questions the authenticity of the law as alleged, it is a matter of defense and the issue would be determined upon the trial. The same statement is equally applicable to the difference of opinion as to whether the reserve dump ore is personal property or part of the real estate.

There is considerable force in the argument of defendants that it is difficult to spell out of the facts alleged an action for trespass and much more logical to conclude that the cause of action is in ejectment. Doubtful as this question may be, we would feel the plaintiff had at least alleged a colorable cause of action were it

not for a state of facts alleged in the second amended complaint, which seems to us to negative the position of the plaintiff and to indicate that assuming the facts alleged are true (as we must on this motion), establishes that the facts alleged in each of the several causes of action do not and cannot constitute causes of action of which the courts of this State may assume jurisdiction. We refer to paragraphs eighteen to twenty-two, inclusive. Each of these allegations is made specifically a part of each of the separate causes of action set forth in the second amended complaint. They set forth in substance that the defendants, acting through their agent, bribed the Governor of the State of Zacatecas and his brother, then head of the government of the city of Zacatecas, to decree the condemnation of the property *" herein referred to; "* that the action on the part of the defendants resulted *" in the bringing of such a suit of condemnation and the illegal seizure of said properties by the State of Zacatecas and resulted in the turning of said properties over to and it did make it possible for the defendants to secure possession thereof illegally."* (Complaint, par. 18, fols. 11, 12.) It is then alleged that such proceeding and seizure were illegal, in violation of the laws of the Mexican Republic; that the State of Zacatecas had no authority to condemn and seize the property, and further, that all of the said acts and seizure of said properties were the direct result of the acts, orders and bribery on the part of the defendants and in violation of the laws of the State of Zacatecas and the Republic of Mexico, and illegally deprived the plaintiff of said property; further, that the seizure and retention without the owner's consent of the personal property were in violation of the civil law in force in the Republic of Mexico and State of Zacatecas. (Complaint, pars. 19–21, fols. 12–14.)

By the twenty-second allegation it is set forth that the causes of action are based on the unlawful seizing, taking and retention of the properties and the damages arising therefrom, and no demand is made for the specific return of the properties.

We, therefore, have a complaint in which each of the several causes of action is made dependent in its entirety upon the unlawful condemnation and seizure by public officials acting through the influence of the corrupt acts of the defendants. The plaintiff alleges in plain words that his property or that of his assignors was taken by the act of a sovereign power, and that such acts of the sovereign power resulted in the turning of the property over to the defendants. It would be an anomaly if the courts of this jurisdiction could determine the validity of the acts of the sovereign power of a foreign jurisdiction in relation to property within its territorial extent. " Every sovereign State is bound to respect

the independence of every other sovereign State, and the courts of one country will not sit in judgment on the acts of the government of another done within its own territory. Redress of grievances by reason of such acts must be obtained through the means open to be availed of by sovereign powers as between themselves." (*Underhill* v. *Hernandez*, 168 U. S. 250.)

"To permit the validity of the acts of one sovereign State to be reexamined and perhaps condemned by the courts of another would very certainly 'imperil the amicable relations between governments and vex the peace of nations.'" (*Oetjen* v. *Central Leather Co.*, 246 U. S. 297, 304.)

"We have an existing government sovereign within its own territories. There necessarily its jurisdiction is exclusive and absolute. It is susceptible of no limitation not imposed by itself. This is the result of its independence. It may be conceded that its actions should accord with natural justice and equity. If they do not, however, our courts are not competent to review them." (*Wulfsohn* v. *Russian Republic*, 234 N. Y. 372, 375, 376.)

We, therefore, have causes of action in which the plaintiff seeks to recover damages because the defendants, as he claims, wrongfully seized and took possession of the property, allegations setting forth *in extenso* the manner in which the defendants came into possession of such property and stating unequivocally it was through the acts of the sovereign power where the property was located. True it is, that it is alleged it was corrupt; that it was illegal; that it was unauthorized by law; that it was an act of banditry, but nevertheless, plainly and specifically the act of the sovereign power.

The plaintiff does not seek to bring the sovereign foreign power before our courts directly by attempting to make it a defendant. "They may not bring a foreign sovereign before our bar, not because of comity, but because he has not submitted himself to our laws. Without his consent he is not subject to them. (*Wulfsohn* v. *Russian Republic, supra*, 376.)

But plaintiff seeks to recover upon causes of action against the defendants, basing his cause upon the alleged wrongful, corrupt and illegal acts of such sovereign power.

"'To cite a foreign potentate into a municipal court for any complaint against him in his public capacity is contrary to the law of nations and an insult which he is entitled to resent.' (*De Haber* v. *Queen of Portugal*, 17 Q. B. 171.) In either case to do so would 'vex the peace of nations.' In either case the hands of the state department would be tied. Unwillingly it would find itself involved in disputes it might think unwise. Such is not the proper method

of redress if a citizen of the United States is wronged. The question is a political one, not confided to the courts but to another department of government. Whenever an act done by a sovereign in his sovereign character is questioned it becomes a matter of negotiation, or of reprisals or of war." (*Wulfsohn* v. *Russian Republic, supra,* 376.)

We are firmly convinced that upon such a state of facts alleged and relied upon by the plaintiff as to each and every cause of action, the complaint as to each cause of action fails to state facts sufficient to constitute a cause of action, and fails to state facts which vest in the courts of this State jurisdiction to try the cause of action which is sought to be alleged. It may quite possibly be true that plaintiff has been improperly, perhaps wrongfully and corruptly, without justification of law written or unwritten, statutory or moral, deprived of his property, but upon the facts as set forth in the second amended complaint we cannot convince ourselves that they state a cause of action, or that the courts of this jurisdiction have any authority to entertain the causes of action the plaintiff seeks to allege.

We do not base our conclusion upon a determination that the action of the plaintiff is not in trespass. We do not base it upon a holding that the law is not properly or sufficiently alleged. We do not determine the reserve dump ore is real property or personal property, but we hold that when the plaintiff alleges that his property was taken by the government of the State of Zacatecas, a sovereign State of a foreign nation, we are satisfied that all reason, logic and authority are to the effect that the courts of this jurisdiction cannot pass upon and determine the validity, propriety or legality of the acts of that sovereign power which, as the plaintiff says, deprived him of his property and placed defendants in possession of it.

The plaintiff is not remediless. There is a forum and a jurisdiction which may entertain his action, and it is possible through other methods of procedure his claims may in a proper manner be brought to the attention of and determined by sovereign authority.

Motion as to each cause of action granted for the reasons indicated, with ten dollars costs of motion. The order to be entered will, however, contain a provision that the plaintiff may serve a further amended complaint, if so advised, within thirty days after service of a copy of the order with notice of entry thereof.

Submit order accordingly.