## MICHIGAN ALKALI CO. v. BANKERS INDEMNITY INS. CO. et al.

District Court, S. D. New York.

Aug. 25, 1937.

Maxwell J. Kaplan, of New York City, for defendant Bankers Indemnity Ins. Co.

Moran, Galli & McGlinn, of New York City (John G. Donovan and William J. Moran, both of New York City, of counsel), for Travelers Ins. Co.

LEIBELL, District Judge.

This is a suit at law brought by the plaintiff against defendant, Bankers Indemnity Insurance Company (hereinafter called the Bankers), to recover $15,000 under an automobile liability policy issued by the Bankers.

The gravamen of the complaint is that plaintiff in certain suits brought against it by persons claiming personal injuries was compelled to and did actually pay $15,000 in settlement of those suits. It is for the recovery of this payment that this suit was brought by the plaintiff.

After the filing of the suit the defendant Bankers by appropriate motion sought to bring in and implead in this action the Travelers Insurance Company (hereinafter called the Travelers) pursuant to Civil Practice Act, § 193(2). That motion was granted by this court. An order was entered on the 8th day of May, 1937. In the granting of said motion the court rendered an opinion. 19 F.Supp. 9.

The Travelers now moves (1) to vacate the order impleading it in this cause; (2) dropping it as a party defendant on the ground that it was improperly joined; (3) pursuant to rule 106 of the Rules of Civil Practice, to dismiss the cross-complaint or pleading for judgment over by the defendant Bankers against the Travelers; (4) pursuant to rule 103 of the Rules of Civil Practice, to strike out paragraph "Fifteenth" of the cross-complaint or pleading of the defendant Bankers on the ground that the averments therein contained are irrelevant and unnecessary.

With respect to item 1 of the motion made by the Travelers, the court will deny this branch of the motion for the reason set out in the opinion in the application of the Bankers to bring in or implead the defendant Travelers. This ruling disposes also of item 2 of the motion.

Before taking up the proposition of law raised by the defendant Travelers under heading 3 of its notice of motion—to dismiss the cross-complaint or pleading for judgment over for legal insufficiency—the court will dispose of item 4, to strike out certain parts of the cross-complaint or pleading under rule 103.

It is urged by the defendant Travelers that the averments contained in paragraphs "Sixth" to "Eleventh," in the answer of the defendant Bankers and as the same are repeated in paragraph "Fifteenth" of said answer, are irrelevant and unnecessary. I think that this contention is untenable. In the consideration of this branch of the motion I may start out with the well-established principle of law that motions to strike out allegations or parts of pleadings on the ground that they are redundant or unnecessary are not favored and are granted only where the allegations are prejudicial and have no bearing on the subject-matter. See Goodrow v. Press Co. Inc., 233 App. Div. 41, 251 N.Y.S. 364, 368, from which the following is quoted: "Pleadings must be liberally construed with a view to substantial justice between the parties. * * * 'Where there is the semblance of a cause of action or a defense set up in a pleading, its sufficiency cannot be determined on a motion to strike it out as redundant or irrelevant. * * * Such a motion should be granted only where no doubt exists of the irrelevancy charged, and where there is evidence that its retention would embarrass the opposite party.'"

The power to strike out irrelevant and unnecessary allegations will not be technically exercised. Baker v. Baker, 122 Misc. 757, 204 N.Y.S. 11, affirmed 212 App.Div. 850, 207 N.Y.S. 809.

426

In passing upon the sufficiency of the cross-complaint, it is immaterial that the defendant Bankers repeats in its cross-complaint certain averments contained in the answer under the headings of affirmative defenses. The courts favor short rather than prolix pleadings and whenever the draftsman of a complaint can repeat and reiterate averments previously set out in the pleading, it is entirely proper to do so.

The pleading may be inartificially drawn, but upon full consideration of the entire answer and cross-bill I do not think that the averments contained in the paragraphs of the cross-bill attacked on this motion are irrelevant or unnecessary and the same will not be stricken out.

The important point to determine on this motion is subdivision 3 thereof— whether, assuming that each and all of the averments set out in the Bankers' cross-complaint or pleading for judgment over are admitted, are there sufficient facts upon the face of such cross-bill to constitute a cause of action or claim for judgment over against the Travelers, the impleaded defendant?

In giving the matter consideration, the court is guided by certain well-established principles of law that are summarized in Zaepfel v. Parnass, 140 Misc. 539, 250 N.Y.S. 740, 741: "Upon a motion to dismiss the complaint such as is here under consideration, the sole question to be considered is whether the allegations of the complaint state facts sufficient to constitute a cause of action. The allegations are taken as admitted. Tracey v. Sullivan, 131 Misc. 553, 228 N.Y.S. 231; Baumann v. Baumann, 222 App.Div. 460, 226 N.Y.S. 576. Liberal construction is given to the complaint. Bown v. Ramsdell, 227 App. Div. 224, 237 N.Y.S. 573. Every intendment and fair inference must be drawn from the facts stated. If the plaintiff is entitled to recover on any theory on the facts in the complaint, the motion must be denied. Dyer v. Broadway Central Bank, 252 N.Y. 430, 169 N.E. 635."

The gist of the cross-complaint is that the impleaded defendant Travelers issued a certain "hired automobile" policy of insurance to the plaintiff and that this policy was in force when the accident happened to Mae Lopes so that there was coverage against such accident under the provisions of the Travelers policy. The automobile was under the control of plaintiff and its operator. Admittedly a similar policy was issued by the Bankers to the Universal Truck Rental Corporation, the owner and renter of the automobile. The extent of the liability of the Bankers was $50,000 for a single accident, $100,000 for more than one accident. Similar provision was contained in the policy issued by the Travelers.

The plaintiff in this cause hired from the Universal a certain Ford tractor and Fruehauf trailer, and while the same was being used and operated by the plaintiff, with the permission of Universal, the injuries were sustained by Mae Lopes. She thereafter brought suit against the plaintiff in the Supreme Court to recover damages for the resultant injuries, and her husband, Frank Lopes, brought suit for loss of services and expenses. Due and timely notice was given to both insurance companies to appear for and defend the defendant in said suit (the plaintiff here). Ultimately the two suits were settled for the aggregate sum of $15,000.

The plaintiff seeks to recover from the Bankers the amount paid in settlement of those suits. The Bankers in its cross-complaint claims that the impleaded defendant is liable for judgment over in the event of any recovery against the Bankers, because it (the Travelers) covered plaintiff against the bodily injuries accidently suffered.

On the face of the cross-complaint it is not quite clear whether the Bankers makes claim for judgment over by reason of the subrogation clause contained in the Bankers' policy, or by reason of the fact that the Travelers should be liable to the plaintiff because it issued its policy to that corporation, and that the plaintiff in any event was primarily tort-feasor causing the injuries to the parties in the suit in the said court. But I do not think that it is of any special significance on this motion. If the Bankers can sustain its claim against the Travelers on either or both theories, it is entitled to have its day in court against the Travelers.

The Travelers strenuously contends that if the Bankers has proceeded on the theory of subrogation, the cross-complaint is legally insufficient because there is no averment that the claim of the plaintiff has been paid by the Bankers. Of course, if the Bankers had paid the plaintiff the amount of the settlements, this suit would not be by the plaintiff against the Bankers, but by the Bankers against the Travelers. Moreover, I do not think that it is essential that

the Bankers should have first paid the plaintiff in order to avail itself of the right of subrogation contained in the policies of insurance. The present suit by the Bankers against the Travelers may be maintained without such payment. See 125 West 45th Street Restaurant Corp. v. Framax Realty Corp., 249 App.Div. 589, 293 N.Y.S. 216, 218, from which the following is quoted: "We consider that the order of May 12, 1936, bringing in the impleaded defendants was properly made and should not have been vacated. Section 193 is a remedial statute and should receive a liberal construction. In the discretion of the court, parties may be brought in in actions at law at the instance of a defendant where there is liability over, either through indemnity, contribution, or otherwise, provided it appears to the satisfaction of the court that the party brought in 'is or will be' ultimately liable for the claim made by the plaintiff. The statutory provision that the claim of the original defendant shall proceed 'to such judgment as may be proper' in a case where the impleaded defendant is an indemnitor against loss as distinguished from an indemnitor against liability is rendered effective, without prejudice or impairment of substantial rights, by a conditional or provisional judgment against the impleaded defendant requiring payment of such judgment after showing that the original defendant has satisfied plaintiff's judgment. The construction applied in 1925 by the Appellate Division, Second Department, in Kromback v. Killian, 215 App. Div. 19, 213 N.Y.S. 138 should be strictly confined to its facts which render that case clearly distinguishable from the state of facts here presented."

Another ground urged in the brief of the Travelers in support of its motion to dismiss the Bankers cross-complaint is that it does not allege that the sum in controversy exceeds $3,000, exclusive of interest and costs.

█ The District Courts of the United States have jurisdiction in actions at law where there is diversity of citizenship and the sum in controversy exceeds $3,000, exclusive of interest and costs. In the case at bar a diversity of citizenship appears not only on the face of the complaint, but it is conceded and the moving defendant raised no point in this regard. The claim of the moving defendant that the cross-complaint lacks the averment, in so many words, that the amount in controversy exceeds $3,000,

exclusive of interest and costs, is clearly untenable. The amount in controversy, according to the complaint, is $15,000, and the Bankers claim over against the Travelers, as appears from the cross bill, will be either $15,000 or $7,500.

█ It is not necessary to affirmatively aver that the sum or value in controversy exceeds $3,000 exclusive of interest and costs, when that fact itself clearly appears on the face of the pleadings. Robinson v. Suburban Brick Co. (C.C.A.) 127 F. 804.

The motions made by the Travelers, the impleaded defendant, are denied. Submit order on notice.