**BEECHWOOD SECURITIES CORPORATION, Inc., v. ASSOCIATED OIL CO. et al.**

**No. 8759.**

Circuit Court of Appeals, Ninth Circuit.

June 8, 1939.

Harry W. Dudley and E. Walter Guthrie, both of Los Angeles, Cal., and Percival E. Jackson, of New York City, for appellant.

Robert M. Searls, Clifford J. MacMillan, and John Parks Davis, all of San Francisco, Cal., for appellee.

Henry W. Ballantine, of Berkeley, Cal., and Graham Lee Sterling, Jr., of Los Angeles, Cal., amici curiæ.

Before GARRECHT, DENMAN, and MATHEWS, Circuit Judges.

DENMAN, Circuit Judge.

Appellant, hereafter called Beechwood, holder of common stock of Associated Oil Company, a California corporation, hereafter called Associated, appeals from a decree dismissing, without right to amend, its bill for setting aside and nullifying the proceedings for the latter corporation's consolidation with Tide Water Oil Company, a Delaware corporation, hereafter called Tide Water, into a Delaware corporation, Tide Water Associated Oil Company, hereafter called Tide Water Associated. The proceedings sought to be nullified had been taken under the provisions of sections 361, 361a, and 369 of the Civil Code of California.[1]

---

[1] The pertinent provisions of the Civil Code sections are:

"361. Merger and consolidation of corporations. Any two or more corporations may be (a) merged into one of such constituent corporations, which is herein designated as 'the surviving corporation,' or (b) consolidated into a new corporation, which is herein designated as 'the consolidated corporation,' as follows:

"(1) The board of directors of each corporation by resolution shall approve an agreement which shall set forth the terms and conditions of merger or consolidation, and the mode of carrying the same into effect, as well as the manner and basis of converting the shares of the constituent corporations into the shares of the consolidated or surviving corporation. The agreement also may provide for the distribution of cash, property, or securities, in whole or in part, in lieu of shares, to shareholders of the constituent corporations or any class of them; provided, however, that upon such distribution of cash, property or securities, the liabilities of the consolidated or surviving corporation, including those derived by it from the constituent corporations, plus the amount of the stated capital of the consolidated or surviving corporation, shall not exceed the value of the assets of such consolidated or surviving corporation.

"If the agreement be for a consolidation, it shall state the matters required to be stated in articles of incorporation, and these statements shall be deemed to be the articles of the new or consolidated corporation.

"If the agreement be for a merger, it shall state any matters with respect to which the articles of the surviving corporation are amended, and the articles shall be deemed to be amended accordingly upon the filing thereof with the Secretary of State.

"(2) The agreement shall be signed by the president or a vice president and the secretary or an assistant secretary of each corporation, and acknowledged by the officers executing the same on behalf of their respective corporations.

"(3) The agreement must be approved by the vote of the holders of not less than two-thirds of the issued and outstanding shares of each class, even though their right to vote be otherwise restricted or denied, of each of the constituent corporations, at a meeting duly called upon notice of the time, place and purpose thereof, duly given to each shareholder at least twenty days prior to the date of such meeting. There shall be mailed with the notice of such meeting a statement of the general terms of the proposed agreement. Different series of the same class of shares shall not be construed to constitute different classes of shares for the purposes of voting by classes.

"The approval of the shareholders may be given either before or after the approval of the agreement by the board of directors."

"361a. Consolidation or merger of domestic and foreign corporations. The merger or consolidation of any number of domestic corporations with any number of foreign corporations may be effected if such foreign corporations are authorized by the laws of the State or government under which they are formed to effect such a merger or consolidation.

"In the case of consolidation, the consolidated corporation may be a corporation organized under the laws of any State under which any one of the constituent corporations is organized. In the case of merger, the surviving corporation may be any one of the constituent corporations and in such case shall be deemed to be organized under the laws of the State of incorporation of such constituent corporation.

"The provisions of section 369, Civil Code, shall apply to the rights of the shareholders of any one or more of the constituent corporations which are domestic corporations. The form, provisions and manner of execution and acknowledgment of the consolidation or merger agree-

It was admitted that the requirements of the Civil Code were complied with by the two corporations seeking consolidation. The pertinent code provisions require the board of directors of each corporation to approve an agreement setting forth the terms and condition of the proposed consolidation, "and the mode of carrying the same into effect, as well as the manner and basis of converting the shares of the constituent corporations into the shares of the consolidated or surviving corporation."

The agreements and a notice of at least 20 days of a meeting of stockholders of each constituent corporation to consider and vote on its approval must be mailed to the stockholders. All classes of stockholders have equal voting rights on the approval of the agreement, whether or not they have other voting rights. The approval must be voted by two-thirds the existing and outstanding shares of each class.

If two-thirds of the outstanding shares vote for the approval of the consolidation, a shareholder not approving may make, within 30 days of mailing of the notice of approval to him, a written demand for the fair market value of his shares as of the day before the vote of approval of the consolidation, and request the corporation's statement of its claim of the amount of such fair market value. The shareholder within such 30 days must submit his certificate to the corporation or its transfer agent. Within 5 days the corporation must deliver or mail to the shareholder an offer of .a price which it estimates is the fair market value. If the shareholder declines the offer he may sue for the fair market value in a California superior court and have the value established there.

The case was argued below and here on the theory that paragraph (17) of section 369 of the Civil Code (set forth in the preceding footnote) gave no right at law or in equity to the non-assenting shareholder other than to accept the corporation's offer or sue for the fair market value, save that he could contest the consent or approval of the necessary two-thirds of the shareholders to the proposed consolidation agreement.

In effect, Beechwood contends that a state cannot so organize its corporations that a shareholder, not assenting to such a consolidation, may not show, in equity, that the proposal for exchange of his shares for those in the consolidated corporation is made with intent to defraud and will defraud him. Here it is claimed the proposal of Associated's board of directors is unfair in that the amount of new stock offered is of less value than the Beechwood shares to be surrendered, —whereby the majority shareholders, having a large interest in Tide Water, will, by their vote, gain in their stock interest in

---

ment, and the certification of the proceedings relating thereto, with respect to any constituent domestic corporation, may be in accordance with the laws of the State of incorporation or proposed incorporation of the surviving or consolidated corporation. * * *."

Section 369 provides in its first five paragraphs for negotiation between the holders of shares and the corporation which had issued them for an agreement on their value on the day before the vote for the consolidation or merger, being the compensation for their surrender.

Paragraph (6) provides: "(6) Action to determine value. If any dissenting shareholder shall fail to agree with the corporation upon such fair market value, then such dissenting shareholder if he first shall have complied with the conditions provided in paragraphs (2) and (3) of this section, or any interested corporation, within six months after the date on which notice of the approval by the shareholders was mailed to the shareholder, but not thereafter, may file a complaint in the superior court of the county in which such corporation has its principal office praying the court to determine such fair market value of the dissenting shares, or may intervene in any pending action for the appraisal of any dissenting shares. If such complaint be not filed or intervention made within such period as to any dissenting shares the purchase price of which has not been agreed upon, then such shares shall lose their dissenting status and be deemed to be assenting shares."

Paragraph (17) provides: "(17) Limitation. The rights and remedies of any shareholder at law or in equity to object to or litigate as to any such merger or consolidation shall be and are hereby limited to the right to receive the fair market value of his shares in the manner and upon the terms and conditions provided in this section, except actions to test whether the number of legal votes of shareholders required by statute to authorize or approve the proposed action of the corporation has been given."

Tide Water Associated, what the Beechwood shares lose—and hence there is a violation of the duty of the directors to the corporation's shareholders amounting to fraud, with its consequent gain to the voting majority.

■ The bill attempting to allege such fraudulent conduct, known to and motivating the majority of the Associated's shareholders voting for the consolidation, is attacked on the ground that its allegations amount to no more than a disagreement in valuation. Beechwood at the hearing offered to amend to make more certain the allegations of fraud, as set forth in its brief. Since the motion to dismiss is equivalent to sustaining a demurrer, and was granted without leave to amend, we consider whether—if permitted the amendment—the bill warrants the relief prayed for. Cf. Schindler v. Spackman, 8 Cir., 16 F.2d 45, 49.

In effect, these code sections, as construed by both parties, say to a shareholder, "When you buy stock in a California corporation you are advised that your associate shareholders holding two-thirds of the shares may consolidate your corporation with another into a third corporation, offer you what they please of its shares in exchange for those you hold, and, if you do not like the offer, may buy out your shares at their fair market value at the time they vote the consolidation".

■ The corporation and its shareholders' rights are mere creations of the state of incorporation and we can see no reason why such incidents of a shareholder's interest as provided in the pertinent sections of the corporate law of California are beyond its legislative power. Beechwood has cited no case denying such power in a state legislature in giving form to its corporate creature. There is no underlying "natural right" of a shareholder in a corporation to follow his investment into a consolidated corporation. May v. Midwest Refining Co., D.C. Me., 25 F.Supp. 560, 564. The legislature may terminate a shareholder's investment on payment of its then face value, if it so choose.

■ No fraud warranting the setting aside of a consolidation is committed on the shareholder when he receives the exact treatment the statute advised him was his due when he invested in the shares. Mayfield v. Alton Ry., etc., Co., 198 Ill. 528, 65 N.E. 100, 101; Kirby v. Saginaw Hotels Co., 253 Mich. 308, 235 N.W. 153. Hence there is no denial of an equitable remedy. Since the shareholder has no underlying legal right to pursue his investment, he has no ground upon which relief in equity can be granted. Cf. Union Pacific R. Co. v. Board of Commissioners, 8 Cir., 222 F. 651, 654, 659.

There is no relevance in the holdings in cases cited by Beechwood such as Payne v. Hook, 7 Wall. 425, 74 U.S. 425, 19 L.Ed. 260, where it was claimed a state statute gave exclusive jurisdiction to its probate courts, though the disputed issue was between a citizen of another state and one of the state of the probate court. In that case there was an attempt to deny federal jurisdiction of the dispute of a claim of right, while here we hold Beechwood's allegations disclose no right which was violated. Similarly in Standard Oil Co. v. Howe, 9 Cir., 257 F. 481, 487; Pacific Tel. & Tel. Co. v. Kuykendall, 265 U.S. 196, 44 S.Ct. 553, 68 L.Ed. 975; Denver & R. G. W. Ry. Co. v. Linck, 10 Cir., 56 F.2d 957, 960, there existed rights between citizens of different states for which equitable relief sought in the federal courts could not be prevented by state legislation.

Other states permit corporate consolidation, with the duty of the majority to offer stock in the consolidated or merged corporations, and provide for the appraisal of the shares, if the offer is not accepted, without limiting the refusing shareholder's right to a payment of the fair market value of his shares. In the absence of such a limitation of his right the courts of these states, in dicta or holdings, construe the statutes as giving the shareholder the right to litigate the question of fraud in the proffered exchange of his old shares for that in the consolidated corporation and equitable relief where the exercise of that right is fraudulently prevented.[2] None holds that such a limita-

---

[2] Winfree v. Riverside Cotton Mills, 113 Va. 717, 75 S.E. 309; Barnett v. Phila. Market Co., 218 Pa. 649, 67 A. 912; Colgate v. U. S. Leather Co., 73 N. J.Eq. 72, 98, 67 A. 657, reversed on other grounds, 75 N.J.Eq. 229, 72 A. 126, 19 Ann.Cas. 1262; Cole v. National Cash Credit Ass'n, 18 Del.Ch. 47, 55, 156 A. 183; MacArthur v. Port of Havana Docks Co., D.C.Me., 247 F. 984, 987;

tion of the right of corporate shareholders is beyond the power of the state.

What we here hold is based on the assumption of both parties, here and below, that the legislature in the Civil Code sections created such an incident of corporate shares. We thought it might be contended that the legislation could be construed otherwise and ordered argument and briefs relative to such a contention. Associated objected to its consideration on the ground of laches, urging the completion of the consolidation over two years before and the injustice of disturbing the vast and complicated interests of the consolidated companies because of a contention which the dissentient shareholder had not raised. We deem the objection well taken.

The decree dismissing the bill is affirmed.

May v. Midwest Refining Co., D.C.Me., 25 F.Supp. 560, 563; Cole v. Wells, 224 Mass. 504, 512, 113 N.E. 189; Wall v. Anaconda Copper Min. Co., D.C.Mont., 216 F. 242, 244; Johnson v. Lamprecht, 133 Ohio St. 567, 578, 15 N.E.2d 127, 132; Bown v. Ramsdell, 227 App.Div. 224, 226, 237 N.Y.S. 573; Starrett Corp. v. Fifth Ave., etc., Corp., D.C.N.Y., 1 F. Supp. 868, 878–880; Homer v. Crown Cork, etc., Co., 155 Md. 66, 80, 141 A. 425.